No. 24-1149

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

_____

Heewon Lee – Pro Se Appellant
v.
Bank of America, N.A.,et al
Defendants–Appellees

_____

**<u>BRIEF OF THE APPELLANT</u>**

September 3, 2024                    <u>Heewon Lee, Pro Se, Appellant</u>

# TABLE OF CONTENTS

TABLE OF AUTHORITIES……………………………………………iii

I. STATEMENT OF THE ISSUES…………………………………1

II. STATEMENT OF THE BACKGROUND……………………...1

III. STATEMENT OF THE CASE…....…………………….………4

    A. Denial of Appeal Right with State Court Mistakes..……...……..5

    B. Denial of Two Reliefs (CPR 60) for Amended Complaint and
       Default Judgment without Review………………………………7

    C. Denial of Decision on Relief (CPR 60) from Order to Vacate
       Default Judgment……………………………………………....8

IV.    LEGAL STANDARD – NOTICE OF APPEAL………...………..9

V. ARGUMENTS……………………………………………………11

    V.      ERRORS IN FACTS AND LAWS……………………….....11

    VI.     LIBERAL CONSTRUCTION…………………………….14

    VII.    LEAVE TO AMEND…………………………………......16

    VIII.  JURISDICTION………………………………….....……17

    IX.     RIGHT TO APPEAL……………………………………...18

    X.      IMMUNITY……………………………………………20

    XI.     ROOKER FELDMAN…………………………….……….21

    XII.    RES JUDICATA……………………………….………….23

    XIII.  FAILURE TO STAE CLAIM……………………………25

XIV. APPEAL OF THE CASE………………………………………26

XV.   CONCLUSION……………………………………………29

CERTIFICATE OF SERVICE

CERTIFICATE OF COMPLIANCE

ADDENDUM

# TABLE OF AUTHORITIES

## CASES

1. Massachusetts General Laws Part III, Title I, Chapter 212Section 3A (C)................9

2. re Marriage of Varner, 68 Cal.App.4th 932 (1998),.........................................10

3. Griggs v. Providerst Consumer Discount Co., 459 U.S. 56 (1982).......................10

4. Carpenter v. Carpenter, 25 N.C. App. 307 (1975) and Patrick v. Hurdle, 7 N.C. App. 44 (1969).............................................................................................................10

5. Wiggins v. Bunch, 280 N.C. 106 (1971),.....................................................10

6. Tom Fowler, Authority of the Trial Court After Appeal, 81 N.C. Law Rev. 2332 (2003)...........................................................................................................10

7. Swaygert v. Swaygert, 46 N.C. App. 173 (1980)............................................10

8. State v. Donley, 2d Dist. Montgomery Nos. 26654-26656, 2017-Ohio-562, 85 N.E.3d 324................................................................................................................10

9. State v. Washington, 137 Ohio St.3d 427, 2013-Ohio-4982, 999 N.E.2d 66.............11

10. State v. Alford, 2d Dist. Montgomery No. 24368, 2012-Ohio-3490.......................11

11. State v. Ward, 187 Ohio App.3d 384, 2010-Ohio-1794, 932 N.E.2d 374, (2d Dist.).....11

12. Goldberg v. Kelly, 397 U.S. 254,271 (1970)................................................12

13. 25 J. LEGAL PROF. 167, 168-69 (2001).....................................................15

14. Hanes v. Kerner, 404 U.S. 519, 520-21 (1972)..............................................15

15. Fed. Express Corp. v. Holowecki, 128 S. Ct. 1147, 1158 (2008)..........................15

16. Estelle v. Gamble, 429 U.S. 97, 106 (1976).................................................15

17. Conley v. Gibson, 355 U.S. 41, 45-46 (1957) ...............................................15

18. Hughes v. Rowe, 449 U.S. 5, 9-10 (1980).................................................15

19. Foman v. Davis, 371 U.S. 178 (1962)........................................................16

20. Erickson v. Pardus, 551 U.S. 89, 94 (2007)................................................16

21. Butt v. United Brotherhood of Carpenters & Joiners of America, No. 09–4285, 2010 WL 2080034 (E.D. Pa. May 19, 2010)..........................................................17

22. Pickering-George v. Cuomo, No. 11-741, 2011 WL 3652211 (N.D.N.Y. Aug. 19, 2011)..........................................................................................................17

23. Sharp v. State, 884 So. 2d 510, 511–12 (Fla. 2d DCA 2004)..............................18

24. Wilson v. State, 814 So. 2d 1203 (Fla. 2d DCA 2002),……………………………18

25. State v. Hess, 622 N.W. 2nd 891 (2001),……………………………………………18

26. Evitts v. Lucey, supra; State v. Kelley, 198 Neb. 805, 255 N.W.2d 840 (1977)………...18

27. Douglas v. California, 372 U.S. 353 (1963),………………………………………………18

28. Griffin v. Illinois, 351 U.S. 12 (1956)……………………………………………...19

29. Mathews v. Eldridge, 424 U.S. 319, 333–35 (1976)…………………………………19

30. California ex rel. Lockyer v. Fed. Energy Regulatory Comm'n, 329 F.3d 700, 709 n.8
    (9th Cir. 2003)……………………………………………………………………19

31. Stump v. Sparkman, 435 U.S. 349, 356-57 (1978)……………………………………20

32. Bradley v. Fisher, 13 Wall. 335, 351 (1871))……………………………………....20

33. Bare v. Atwood, 204 N.C. App. 310, 315 (2010)…………………………………………20

34. Mireles v. Waco, 502 U.S. 9, 12 (1991))……………………………………………20

35. Pringle v. Court of Common Pleas, 778 F.2d 998 (3d Cir. 1985),………………………21

36. Skinner v. Switzer, 562 U.S. 521, 531-32 (2011)…………………………………………21

37. Exxon Mobil Corp. v. Saudi Basic Industries Corp. :: 544 U.S. 280 (2005)……………21

38. CCA. Reed v. Goertz, 995 F.3d 425, 430 (5th Cir. 2021)………………………………22

39. Griffin v. Griffin 327 U.S. 220 (1946),…………………………………………………23

40. National Exchange Bank v. Wiley, 195 U. S. 257 (1904)………………………………24

41. Old Wayne Life Assn. v. McDonough. 204 U.S. 8 (1907)…………………………....24

42. S.M.B. v. A.T.W., 810 S.W.2d 601, 605 (Mo.App. 1991),……………………………..24

43. Thomas M. McInnis & Assoc., Inc. v. Hall, 318 N.C. 421, 427, 349 S.E.2d 552, 556 (Nc.
    Sup. 1986)……………………………………………………………………………24

44. Ray Haluch Gravel Co. v. Cent. Pension Fund of Operating Eng'rs & Participating
    Emp'rs, 571 U.S. 177 (2014)…………………………………………………………24

45. Miller Building Corp. v. NBBJ North Carolina, Inc., 129 N.C. App. 97, 100, 497 S.E.2d
    433, 435 (1998)………………………………………………………………………24

46. Slowinski v. Valley Nat'l Bank, 264 N.J. Super. 172, 183 (App. Div. 1993)…………24

47. Catlin v. United States, 324 U. S. 229, 233 (1945)……………………………………25

48. Stat of Uttar Pradesh & Anr. V. Jagdish Sharan Agrawal & Ors. (2009)…………..…25

49. Ashcroft v. Iqbal, 556 U.S. 662 (2009)………………………………………………26

50. Bell Atlantic Corporation v. Twombly, 55 U.S. 544 (2007),…………………………26

## STATUES

1. 42 Federal USC §1983. …………………………………………...4 and throughout pages
2. 28 U.S.C. § 1257……………………………………………………………………21

## RULES AND REGULATIONS

1. HAMP (Home Affordable Modification Program)……………………………………….2
2. Massachusetts Rules of Appellate Procedure Rule 3. Appeal as of Right………………..9
3. Massachusetts Rules of Civil Procedure Rule 60 – Relief from Judgement and Order……………………………………………………………………and throughout pages
4. Federal Rules of Civil Procedure Rule 51 – Findings………………………………...12
5. Federal Rules of Civil Procedure Rule 6(d)-Computing and Extending Time………….13
6. Cf. Charles E. Clark, The New Federal Rules of Civil Procedure 23 A.B.A. J. 976, 976-77 (1937)…………………………………………………………………………………14
7. Cf. Jonathan D. Rosenbloom, A Study of the Pro Se Docket in the Southern District of New York, 30 FORDHAM URB. L.J. 305, 323………………………………………...14
8. Federal Rule of Civil Procedure 15 – Amended and Supplemental Pleading…………..16
9. Massachusetts Rules of Appellate Procedure Rule 3. Appeal as of Right…………..18,20
10. Federal Rules of Civil Procedure Rule 8 – Pleading…………………………………25
11. Federal Rules of Civil Procedure Rule 12(b)(6) – Failure to State a Claim……………25

# I.  STATEMENT OF THE ISSUE

The plaintiff appeals to this federal court of appeals the trial court's decisions on the three claims: (1)  Denial of Appeal Right with State Court Mistakes; (2) Denial of Two Reliefs (CPR 60) for Amended Complaint and Default Judgement without Review; and (3) Denial of  Decision on Relief(CPR 60) from Order to Vacate Default Judgment[1]

The 3 claims will be asserted from new point of arguments for the state court's non-jurisdictional action for denying the appeal right in violation of due process protected under 42 Federal USC §1983.   They will also be supported with case laws as well as state and federal laws to challenge the Rooker Feldman and Res Judicata doctrines for a cause of action of the complaint.

# II.  STATEMENT OF THE BACKGROUND

In 2012, the Justice Department, the Department of Housing and Urban Development (HUD) and 49 state attorneys general announced the filing of their landmark $25 billion agreement with the nation's five largest mortgage servicers to address mortgage loan servicing and foreclosure abuses. The federal government and state attorneys general filed in U.S. District Court in the District of Columbia proposed consent judgments with Bank of America Corporation, J.P. Morgan Chase & Co., Wells Fargo & Company, Citigroup Inc. and Ally Financial Inc., to resolve violations of state and federal law.

The unprecedented joint agreement was the largest federal-state civil settlement ever obtained and is the result of extensive investigations by federal agencies, including the Department of Justice, HUD and the HUD Office of the Inspector General (HUD-OIG), and state attorneys general and state banking regulators across the country.

---

[1] The claim for misrepresentation of facts and laws as well as other claims are not appealed in this appeals court.

The plaintiff started litigations against the defendants to save the house suffered from their predatory practices meanwhile the defendants delaying modification processes for monetary gains with increased arrearages.  The more the litigations are filed and the longer the cases are extended, the more increasing arrearages the plaintiff will suffer from, but the more increasing arrearages, the defendants will enjoy.

The defendant's fraudulent and deceptive actions in violation of state and federal laws were well-known and they paid the price for their actions, but, the plaintiff was not able to prove their wrong-doings by lack of knowledge in the state and federal rules as well as by errors in the state and federal court proceedings as follows.

1. The federal case (1:10-CV-12226) complaint was filed on 12-23-2010; and it was about the defendants' fraudulent actions occurred in 2009 and 2010 for the HAMP mortgage modifications.  Plaintiff asked the defendants for mortgage modification and sent application materials for approval according to the HAMP guidelines. Despite complete application materials were submitted to the defendants on numerous occasions, they delayed the approval process intentionally with saying some material information was missing, but without saying what materials were exactly missing.

Defendants denied the application with saying not enough financial information. Later they approved  the previously-denied application materials  with significant increase of arrearage after the complaint was filed to the federal court.  The court allowed the defendant's motion to dismiss in summary judgment because Plaintiff did not prove their fraudulent actions.

The reason was, in the discovery process, the defendants filed the protective order to prevent disclosure of information and the court noted 'motion to compel' could be

filed by Plaintiff. However, Plaintiff did not get the notice in USPS mail and found out about it after the dismissal with appeal in the appeals court.

2. The state case (1777-CV-00271) complaint was filed on 2-28-2017; and it was about the defendant's violation of the state and federal laws in 2016 and 2017 for mortgage modification. The defendants had to send to Plaintiff the application materials for mortgage modification required by the state and federal laws. But they did not follow the laws and was about to foreclose the plaintiff's property with advertisement in the newspaper. Plaintiff filed the complaint right before actual foreclosure. This case is in contention for this appeal to the trial court decision to allow the motion to dismiss.

3. The federal case (1:20-CV-10434) was filed on 3-4-2020 during the appellate review for the state superior court case (1777-CV-00271); and it was about RICO activities of the defendants in 2009 to 2010 as well as 2016 and 2017. The court dismissed the complaint stating that the RICO claim was not valid because of Res Judicata; and even if RICO claim would have been applicable to the case, the claim would have not survived the dismissal because the home retention was not a third party, but that was not true. The home retention claimed it was a third party as proved in the evidence .

4. The federal case (22-cv-11354) was filed on 8-23 with knowledge of 42 Federal USC §1983 for due process right, but while preparing for the amended complaint, an elderly family member had been in need of care by the plaintiff and was diagnosed with Covid 19 at the end of the year and, also the plaintiff suffered from Covid. Due to side-effects of the Covid illness in the family, the plaintiff filed the summons with the amended complaint after 90 days and the court dismissed the case on 2-9-2023.

5. After 3 failed attempts in litigations, the complaint for this case was filed on 4-5-2023 with 42 Federal USC §1983. After cursory review of the defendant's motion to dismiss, the plaintiff found out a few defects in the original complaint and the first amended complaint was mailed out on filed on 6-2-2023 with corrections. But after thoroughly reviewing the defendant's motion to dismiss, the plaintiff found out about Rooker-Feldman doctrine which the plaintiff had no knowledge of it before.

In the first and second amended complaints, the main arguments were similar issues about omission and errors of facts and laws by the state court's non-jurisdictional actions. When the plaintiff stated 're-litigation' in the complaints, it meant to litigate what the state court omitted and did not make judgments on. The first amended complaint was not clear about it.

However, in the second amended complaint, especially in response to the defendants' argument about Rooker Feldman doctrine, the plaintiff did make clear arguments and allegations of 're' litigation by pleading this federal court to review the facts and allegations about what the state court did not make final judgments on and to reach a conclusion in law independent from the state court decisions with questioning constitutional validity of the stae court actions in violation of 42 Federal USC §1983.

### III. STATEMENT OF THE CASE

The appellant - plaintiff ("the plaintiff") appeals the lower court's decision on the state court's denial of the plaintiff's right to appeal. The lower court allowed the defendants' motion to dismiss with the memorandum and order stating the state court's actions including denial of right to appeal is prevented from the federal court's review and decision due to Rooker Feldman,

Res Judicata, and a failure to state a claim for 42 Federal USC §1983.   This appeal challenges the lower court's order.

### 1. Denial of Appeal Right with State Court Mistakes

The state court clerk did not certify the record on appeal by mistake even though Plaintiff filed the notice of appeal in time. In other words, documents constituting the record in the case was not transmitted to a higher court for appellate review with a certification stating that the documents make up the actual record of the proceedings.

On 6-11-2018s at 3:39, Plaintiff filed Notice of Appeal (Appeals Ex1) (Appendix "Apdx" A-1[2]: Docket 33) ("Dkt 33") in the state court docket (Appeals Ex 2), Plaintiff made every effort to expedite an appeal.  On June 15, 2018, Plaintiff asked if Transcriber Barbara Reardon sent the original transcripts to the Superior Court; and was confirmed that the transcriber sent the transcripts to the Superior  Court on May 22, 2018 (Apdx E-1). Also later Plaintiff was confirmed by the Superior Court on the phone that the Court received the transcripts.

On September 4, 2018, Plaintiff called the Appeals Court  to notify that Plaintiff did not receive any response from the Appeals Court (Apdx E-2); and then the Appeals Court told that the court did not receive yet any documents from the Superior Court; and advised that Plaintiff should contact the Superior Court about it.

From September 4 to September18, Plaintiff made more than14 calls to the Superior Courts at Lawrence and  Salem to find out why Plaintiff's documents were not

---

[2] All appendixes are part of the lower court records.  They are the same in the first and amended complaints.  In this brief, the same appendix names are used as in the first and second amended complaints. In addition, for supporting documents, the brief has only 'Notice of Appeal' in the state case (1777-CV-00271) as Appeals EX 1 and 'Order and Memorandum' of this federal trial court as Appeals EX 2 are included part of the exhibits.

transferred to the Appeals Court and asked the court to expedite Plaintiff's documents to the Appeals Court (Apdx E-3)[3]. Eventually Plaintiff was told that Plaintiff's documents were not sent to the Appeals Court yet because Plaintiff filed Relief from Judgment to Dismiss Amended Complaint (CPR Rule 60) and would be sent after the outcome of Plaintiff's Motion for Relief (Appendix E-4).

On 2-19-2019, Defendant filed 'Motion to Dismiss the Appeal' (Dkt 45). With Plaintiff's 'Opposition to Defendant's Motion to Dismiss the Appeal' on 2-27-2019 (Dkt 46), the court denied it on 3-4-2019 and gave Plaintiff to file the appeal again within 60 days (Dkt 48) which led to the filing deadline date of 5-3-2019.

Since Plaintiff filed 'Notice of intent to file motion for reconsideration and clarification in dismissal of amended complaint' on 3-27-2019 (Dkt 51) as per Rule 9A and the court is not going to send the notice of appeal to the appeals court while the outcome of motion for Relief was pending, Plaintiff filed motion for clarification on the court's order of denying 'Defendant Motion to Dismiss the Appeal' (Dkt 52) as well as motion for extension of prosecuting the appeal on 4-19-2019 (Dkt 53).

On 4-25-2019 (Dkt 54), Plaintiff filed 'Reconsideration and clarification in dismissal of amended complaint as per Rule 9A. Since the court did not respond to clarification on denying 'Defendant Motion to Dismiss the Appeal', Plaintiff filed emergency motion for extension of prosecuting the appeal on 5-2-2019 (Dkt 55).[4]

On 5-29-2019 (Dkt 57), the court denied all motions and dismissed the notice of appeal. Plaintiff had no choice but to file a notice of appeal on 'dismissing the notice

---

[3] The phone call records were accompanied with Plaintiff's Affidavit (Apdx E-4)
[4] Plaintiff called and talked to a superior court clerk on 5-2-2019 if I should file ' a new notice of appeal' on that day even though a decision on Relief (Rule 60) was still pending and motion for extension of prosecuting the appeal was filed. Plaintiff was told that filing new notice of appeal could be waited until the court decision on the motions can be delivered.

of appeal'. The appeals court denied the appeal stating "…Because the notice of appeal was filed more than thirty days (indeed, more than one year) after the entry of the June 11, 2018, order, it was untimely as to that order and thus did not bring the order before us for review…" (Apdx A-5). SJC (Supreme Judicial Court) also denied FAR (Further Appellate Review) without any opinion (Appendix A-6).

If the superior court clerk sent to the appeals court 'notice of appeal' filed on 6-11-2018, Plaintiff should have had an opportunity for the amended complaint to be reviewed before the appeals court. If the superior court judge gave an answer to Plaintiff's motion for clarification on denying 'Defendant Motion to Dismiss the Appeal' filed on 4-19-2019[5], Plaintiff should have prosecuted the notice of appeal before 5-2-2019 deadline and had an opportunity for the amended complaint to be reviewed before the appeals court.

Plaintiff filed 'notice of appeal' within 30 days from the date of the judgment entry. Failure of Plaintiff to take any step other than the timely filing of a notice of appeal should not have affected the validity of the appeal. Once the clerical mistake was found out, the notice of appeal should have been transmitted to the appellate court without any further procedures.

## 2. Denial of Two Reliefs (CPR 60) for Amended Complaint and Default Judgment without Review

On 6-11-2018 at 3:39, Notice of Appeal (Apdx A-4) (Appendix A-1; Docket 33) ("Dkt 33") along with Emergency Motion to Relief from Judgment to Dismiss Amended Complaint (CPR 60)(Apdx B-2), and Emergency Motion to Relief from

---

[5] Plaintiff was seeking an answer from the court if new notice of appeal should have been filed even though motion for reconsideration and clarification on relief from judgment to dismiss amended complaint is still waiting for the court decision.

Order to Vacate Default Judgment (Apdx C-8) were filed at 3:39 pm and the court was closed at 4:30. Their motion and its memorandum with exhibits was more than 521 pages. But the state court denied two reliefs within less than half an hour time frame for the reason of finding no emergency as well as for the same reason stated in Memorandum and Order on 5-17-2018.[6] It was not possible for a judge to review them all within that time frame including the processing time within the court. (Dkt 34)

### 3. Denial of Decision on Relief from Order to Vacate Default Judgment

Emergency Motion To Relief from Order to Vacate Default Judgment (CPR 60 Rule)[7] was filed on 6-11-2018 (Appendix "Apdx" C-8) (Docket 31 "Dkt 31"); and the state court denied it because of "the court finding no emergency". On 7-23-2018, according to Superior Court Rule 9A, Motion and its Memorandum in support of Relief from Order to Vacate Default Judgment (Apdx C-9) (Dkt. 37.4) was filed with the defendant Opposition (Dkt. 37.4) as well as the Plaintiff Reply (Apdx. C-10) (Dkt. 37.6).

However, the state court never rendered the judgment on Rule 9A - Relief from Order to Vacate Default Judgment (CPR 60). On 6-25-2019, Notice of relief from judgment to vacate default judgment (Dkt 59.1) was submitted, but denied because Rule 60 motion in its order of 3/18/19 (Dkt 50) was addressed as per the court. But this was capricious order because the 3-18 order was about relief for amended complaint.

---

[6] There were significant material changes. Amended Complaint (Appendix B-1) had only 116 pages of supporting documents. Meanwhile, Emergency Relief from Vacate Default Judgment-CPR 60 (Appendix C-8) had 142 pages' evidential documents; and Emergency Relief from Judgment to Dismiss Amended Complaint (Appendix B-2) 245 pages' important documents for Plaintiff's additional arguments.

[7] It had 190 pages including 142 pages of supporting documents. Meanwhile Emergency Motion to Relief from Judgment to Dismiss Amended Complaint had 314 pages including 265 pages of supporting documents. The state court denied both Reliefs within 51 minutes including the clerk receiving the documents and delivering them to the judge as well as the judge reviewing them with comments in addition to the clerk docketing the comments and then mailing the orders out to the Plaintiff.

# IV. LEGAL STANDARDS – NOTICE OF APPEAL

The filing of  valid notice of appeal is an event of jurisdictional significance that typically divests a trial court of jurisdiction an appellate court.  Consequently, once a notice of appeal is filed, a trial court may not vacate or amend its own judgment or order or do any other act that would affect the rights of the parties or impact the issues on appeal - even with the parties consent.

Once a notice of appeal is filed, the losing party does not need to take any further step; and also failure to serve the notice by the clerk does not affect the validity of the appeal.

According to Massachusetts Rules of Appellate Procedure Rule 3. Appeal as of Right – How Taken (a), the plaintiff does not need to take any further step once the notice of appeal is filed,

> (a) An appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the court of appeals to act as it considers appropriate, including dismissing the appeal.
> (d) Failure of the clerk to serve notice shall not effect the validity of the appeal.

In addition, Massachusetts General Laws ("MGL") Part III, Title I, Chapter 212Section 3A (C) guarantees the plaintiff's right to appeal after notice of appeal and do not have to take any further step after that:

> The clerk shall forward the pleading which commenced the civil action, all statements by the parties, specifying in detail the potential damages if the plaintiff prevails, the judge's written findings and reasons justifying the dismissal and any other documents on file relevant to the appeal to the clerk of the appeals court
>
> Massachusetts Rules of Appellate Procedure 3 (a): An appeal permitted by law from a lower court shall be taken by filing a notice of appeal with the clerk of the lower court within the time allowed by Rule 4, with service upon all parties. Failure of an appellant to take any step other than the timely filing of a notice of appeal shall not affect the validity of the appeal…
>
> Massachusetts Rules of Appellate Procedure 4 (a) (1): requires a filing of notice of appeal with the clerk of the lower court within 30 days of the date of the entry of the judgment.

Massachusetts General law is part of MA Constitution. Violation and non-conformance with MGL is a violation of the plaintiff's due process right for protecting private property.

The jurisdiction of the appellate courts after notice of appeal has been affirmed in the appeal cases throughout the country. In re Marriage of Varner, 68 Cal.App.4th 932 (1998), the California appeals court stated "The trial court may not make any order which will lessen the effectiveness of the appellate court's opinion." The timely filing of a notice of appeal in U.S. District Court transfers jurisdiction over orders and judgments encompassed by the notice to the Court of Appeals. See Griggs v. Providerst Consumer Discount Co., 459 u.s. 56 (1982).

In Carpenter v. Carpenter, 25 N.C. App. 307 (1975) and Patrick v. Hurdle, 7 N.C. App. 44 (1969), the North Carolina appeals court stated "The trial court is divested of jurisdiction when a party gives notice of appeal, and pending the appeal, the trial judge is functus officio. Any judgment entered when trial court is without jurisdiction is a nullity." [8]

Even once a notice of appeal is filed, the trial court does not have jurisdiction over Rule 60(b) Relief. In Wiggins v. Bunch, 280 N.C. 106 (1971), the North Carolina Supreme court stated "the trial court does not have jurisdiction to act on a Rule 59 or 60(b) motion regarding the judgment appealed." "After appeal, any motion for a new trial (Rule 59) or motion to set aside the judgment (Rule 60(b)) should be made to the appellate court, which can remand the matter to the trial court if necessary." Id.[9]

In State v. Donley, 2d Dist. Montgomery Nos. 26654-26656, 2017-Ohio-562, 85 N.E.3d 324, the Ohio Second District explained, "the trial court is 'divested of jurisdiction' to issue a nunc pro tunc entry to correct a mistake in its judgment entry that was assigned as error on

[8] See also Tom Fowler, Authority of the Trial Court After Appeal, 81 N.C. Law Rev. 2332 (2003)
[9] See also Swaygert v. Swaygert, 46 N.C. App. 173 (1980).

appeal. As a result, any such nunc pro tunc entry is a 'nullity.'" [10] "Once a case has been appealed, the trial court loses jurisdiction except to take action in aid of the appeal." State v. Washington, 137 Ohio St.3d 427, 2013-Ohio-4982, 999 N.E.2d 66.

## V.  ARGUMENT 1 – ERRORS IN FACTS AND LAWS

The Memorandum and Order (1-9-2024) (Appeals Ex 3) was derived from the lower court's assumptions with impressions of the facts, but not with the records of the facts.  Also its assumptions were not applied properly to the complaints based on partial application of facts and laws.

The lower court considered the plaintiff's action in bad faith by mistakes by quoting " bad faith ....", and indicated the plaintiff's submission of the amended complaint and submitting again within a week motion for the second amended complaint was bad faith....even though the plaintiff followed the federal civil procedure rule in submission of the amended compalaint.

1.  The lower court stated, "Many of the relevant facts are not alleged in the complaint. To give clarity and sufficient background for the purpose of analyzing the motions before it, the court will refer to certain extrinsic documents of undisputed authenticity…. The court relies on documents that are either authentic public records (relevant judicial opinions and dockets"

    -   This was the main issue of the lower court's memorandum and order.  All relevant facts were alleged in the first and amended complaints with authentic documents which was certified in the affidavit under the penalty of perjury.  All documents in the exhibit were directly downloaded from the official electronic

---

[10] See also State v. Alford, 2d Dist. Montgomery No. 24368, 2012-Ohio-3490, , citing State v. Ward, 187 Ohio App.3d 384, 2010-Ohio-1794, 932 N.E.2d 374, (2d Dist.).

system of the state court – Access Massachusetts Court Cases

(https://www.mass.gov/search-court-dockets-calendars-and-case-information).

Basically the lower court is stating that most of documents were not authentic and the court only relied on judicial orders and docket records. This is not an impartial decision since the plaintiff was challenging the judicial orders and processes in the docket. If the lower court relied on on the judicial orders and processes for the memorandum and order with ignoring other authentic documents, the lower court's decision was made without merits of the case which was to challenge the state court decisions with the plaintiff's due process rights.

The lower court did not considered the authentic materials. Despite all materials in the exhibit are directly downloaded from the state court website, the lower court considered them 'not authentic' and took into consideration only ' the court orders and dockets' for their decision.

> Rule 52. Findings and Conclusions by the Court; Judgment on Partial Findings
> (a) FINDINGS AND CONCLUSIONS.
>
> (1) *In General.* In an action tried on the facts without a jury or with an advisory jury, the court must find the facts specially and state its conclusions of law separately. The findings and conclusions may be stated on the record after the close of the evidence or may appear in an opinion or a memorandum of decision filed by the court. Judgment must be entered under Rule 58

"The decisionmaker's conclusion ... must rest solely on the legal rules and evidence adduced at the hearing. To demonstrate compliance with this elementary requirement, the decision maker should state the reasons for his determination and indicate the evidence he relied on.," - Goldberg v. Kelly, 397 U.S. 254,271 (1970). But the court did not consider most of the following facts and laws;

2. The lower court stated, "Plaintiff filed his first amended complaint three days after the court ordered deadline"

   - The plaintiff filed (mailed) the first amended complaint by the court ordered deadline. The plaintiff did not have the court permit for electronic filing and had to send the amended complaint by mail. By deadline 6-2-2023, the amended complaint was emailed to the counsels with consent; and also, on the same day, mailed to the court by USPS priority mail according to FRCP Rule 6(d) which allows 3 additional days from the deadline. As per FRCP Rule 6(d),

     (d) ADDITIONAL TIME AFTER CERTAIN KINDS OF SERVICE. When a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail), (D) (leaving with the clerk), or (F) (other means consented to), 3 days are added after the period would otherwise expire under Rule 6(a).

3. The lower court stated, "Plaintiff did not formally oppose either motion. He has instead moved for leave to file a second amended complaint. Both defendants have opposed that motion.

   - Motion and memorandum for the second amended complaint was a response in opposition to the defendants' motions.

4. The lower court stated, "The present complaint expressly seeks "re-litigation" of the state-court claim"

   - The (first) amended complaint and second amended complaint are similar in allegations and claims, but the second amended complaint is better in content and organization especially responding to application of Rooker Feldman doctrine. even though 're-litigation' was used in the second amended complaint, it  was

meant to litigate second time what the state court omitted to plead this federal

court to reach a conclusion independent from the state court decisions.

The lower court narrowed its focus on text meaning of 'Re' in 'Re-Litigation'

rather than the contents in 'Re-litigation'. This might come from unclear allegations

of the first amended complaint or the court's perception of the plaintiff's submission

of the amended complaint and submitting again 10 days later the second amended

complaint was bad faith….even though the plaintiff followed the FCRP rules.

5. The lower court stated, "The court dismissed the federal claims on the basis of res

judicata, relying on Judge O'Toole's earlier orders of dismissal and summary

judgment"

- This was partially true, but nothing to do with what was argued and alleged in the

first amended complaint as well as the second amended complaint. The state

case was about what happened in 2016-2017; but the federal case by Judge

O'Toole was about what happened in 2009 to 2010. The state court judge

reissued the memorandum and order after the plaintiff requested 'recusal' with

filing a complaint with the Commission on Judicial Conduct.

## VI. ARGUMENT 2 – LIBERAL CONSTRUCTON

This case is to challenge the state court's actions for errors in facts and laws and, initially

with understanding of the judges and clerks' immunity to the litigation without knowing there

are exceptions, their names were not stated as parties[11] since the contents of complaint are self-

---

[11] Cf. Charles E. Clark, The New Federal Rules of Civil Procedure: The Last Phase—Underlying Philosophy
Embodied in Some of the Basic Provisions of the New Procedure, 23 A.B.A. J. 976, 976-77 (1937) (commenting
that liberal pleading rules were necessary to mitigate information asymmetries between plaintiffs and defendants
that often led to pre-mature dismissal of suits). Notably, in no suits are such information asymmetries more
apparent than those in which pro se litigants sue represented adversaries. These types of suits comprise the vast
majority in which pro se litigants appear. Cf. Jonathan D. Rosenbloom, Exploring Methods to Improve
Management and Fairness in Pro Se Cases: A Study of the Pro Se Docket in the Southern District of New York, 30

explanatory about what the complaints are about. In addition, on the contrary to the lower court's order, 're-litigation' meant to litigate a second time what the state court omitted and did not make final judgments on, but not to litigate again the same judgments the state court made. This might not be as lawful as professional lawyers' complaints are, but there should have been liberal and lenient construe of the plaintiff complaints.

In recognition of high possibility for meritorious pro se complaints to be dismissed, the Supreme Court relaxed pleading standards for pro se litigants to ensure that they receive their "day in court."[12] In Haines v. Kerner, the Court held that judges should liberally construe pro se pleadings.[13] It further stated that allegations such as those asserted by the prose petitioner, however unartfully pleaded, are sufficient to call for the opportunity to offer supporting evidence. The liberal construction for the plaintiff is simply an exaggerated version of the Conley "no set of facts" standard. [14]

The relaxed pleading standard is accompanied by the Conley Court's instruction not to dismiss a claim unless it is "beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief.[15] The Supreme Court's decision also suggested a way to mitigate the troublesome effect: restrain courts' discretion to disregard allegations they deem conclusory. [16]

---

FORDHAM URB. LJ. 305, 323 (showing that the majority of pro se cases involve unrepresented plaintiffs who sue governmental defendants.
[12] See Edward M. Holt, How to Treat "Fools": Exploring the Duties Owed to Pro Se Litigants in Civil Cases, 25 J. LEGAL PROF. 167, 168-69 (2001) (asserting that the Supreme Court responded to the potential for unfair dismissal of pro se cases by requiring judges to liberally construe pro se litigants' complaints
[13] 404 U.S. 519, 520-21 (1972) (per curiam). The Court has reaffirmed the lenient standard in cases following its initial pronouncement in Haines. See, e.g., Fed. Express Corp. v. Holowecki, 128 S. Ct. 1147, 1158 (2008) ("Even in the formal litigation context, pro se litigants are held to a lesser pleading standard than other parties."); Estelle v. Gamble, 429 U.S. 97, 106 (1976) ("The handwritten pro se document is to be liberally construed."
[14] See Bradlow, supra note 63, at 681-82 (discussing development of the Haines approach in relation to Conley and concluding that the "ultimate result is a less stringent interpretation of what is itself a very lax standard"); see also Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (articulating the "no set of facts" standard).
[15] See, e.g., Hughes v. Rowe, 449 U.S. 5, 9-10 (1980) (per curiam) (observing that "it is settled law that the allegations of [a pro se] complaint . . . are held to 'less stringent standards'" and noting that such complaints "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts

## VII.   ARGUMENT 3 – LEAVE TO AMED

The main issue of the memorandum and order was the lower court relied on the amended complaint, but not the second amended complaint even though they are similar in allegations and claims.  The court should have accepted the second amended complaint and issued the memorandum and order from the facts and allegations in the second amended complaint, but the court simply denied the second amended complaint by applying typographical meaning of 're-litigation' to its assumptions of facts and laws from the amended complaint.  The arguments and allegations in the second amended complaint were clear and different especially in terms of responding to Rooker Feldman doctrine with related state and federal laws.

In addition, by quoting " bad faith ….", the lower court indicated the plaintiff's submission of the amended complaint and, 1 month later, submitting motion for  the second amended complaint was bad faith….even though the plaintiff followed the federal civil procedure rule in submission of the amended complaint.

Federal Rule of Civil Procedure 15(a)(2) provides that a "court should freely give leave" to amend a pleading " when justice so requires." In Foman v. Davis, 371 U.S. 178 (1962), the Supreme Court has explained the meaning of "freely given" as used in Rule 15(a) by stating:

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc – the leave sought should, as the rules require, be 'freely given.'

The lower court should have not deny the motion for leave to file second amended complaint especially when it accompanied 10 days later with (memorandum in support of)

---

in support of his claim which would entitle him to relief" (citations omitted) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam)))
[16] See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (admonishing the lower court for dismissing allegations as conclusory when they were adequate to "put the[] matters in issue")

second amended complaint after the amended complaint unless there is a compelling reason like undue delay, bad faith, prejudice to the opposing party, as the primary principle is to allow cases to be decided on their merits, meaning courts should freely grant leave to amend when justice requires it, as per the established case law.[17]

The second amended complaint should have been accepted for review and the lower court's order should have been based upon it ,even though the allegation and claims are similar, especially the plaintiff's response to Rooker Feldman doctrine in the second amended complaint with more information in facts and laws. According to Butt v. United Brotherhood of Carpenters & Joiners of America, No. 09–4285, 2010 WL 2080034 (E.D. Pa. May 19, 2010), where a complaint is inadequate, leave to amend the complaint is common.

## VIII. ARGUMENT 4 – JURISDICTION

In the context of an appeal, the appeals court has the jurisdiction to deny an appeal, meaning they can decide whether or not to hear a case appealed from a lower court; the lower court itself does not have the authority to deny an appeal once it has been filed.

A notice of appeal gives jurisdiction to the court of appeals and takes away the district court's control over the case. Once a notice of appeal is filed with the appropriate court, the appeals court officially gains jurisdiction over the case, meaning they have the legal authority to review the lower court's decision; this is a fundamental principle in litigation and is supported by numerous case laws, effectively initiating the appeals process.

---

[17] Courts are presently amenable to granting pro se litigants leave to amend their complaints Pickering-George v. Cuomo, No. 11-741, 2011 WL 3652211 (N.D.N.Y. Aug. 19, 2011) (D'Agostino, J.) (adopting magistrate's recommendation). Holding: Granting plaintiff's application to proceed *in forma pauperis*; and ordering plaintiff to file an amended complaint within thirty days. The court adopts the magistrate's recommendation and order granting plaintiff leave to proceed *in forma pauperis* on his FOIA claim. The court also concludes that although the magistrate "correctly found that plaintiff's complaint fails to state a claim," "in light of plaintiff's *pro se* status, [he] will be provided an opportunity to amend his complaint to provide additional factual support of his claims."

According to Massachusetts Rules of Appellate Procedure Rule 3. Appeal as of Right –

How Taken (a), the plaintiff does not need to take any further step once the notice of appeal is

filed,

> An appellant's failure to take any step other than the timely filing of a notice of appeal
> does not affect the validity of the appeal, but is ground only for the court of appeals to act
> as it considers appropriate, including dismissing the appeal.

The state lower court – Superior Court did not have a jurisdiction to deny the appeal after

the plaintiff filed the notice of appeal.  In Sharp v. State, 884 So. 2d 510, 511–12 (Fla. 2d DCA

2004, the court held that   "the filing of the notice of appeal 'divested the trial court of

jurisdiction to enter any further rulings in the case, including a ruling on [the] subsequently filed

motion to withdraw his plea.'" Id. (quoting Wilson, 814 So. 2d at 1204).[18]

## IX. ARGUMENT 5 – RIGHT TO APPEAL

Even though the right to appeal may not constitutionally guaranteed, but there are

procedural processes where a losing part has the right to appeal a trial court decision.  In State v.

Hess, 622 N.W. 2nd 891 (2001), the Supreme Court of Nebraska held that the procedures used in

deciding appeals must comport with the requirements of the Due Process Clause. See, Evitts v.

Lucey, supra; State v. Kelley, 198 Neb. 805, 255 N.W.2d 840 (1977).

The plaintiff was able to pay for the court fee, but could not afford the counsel for the

current and previous state and federal cases.  If the plaintiff had the counsel for the previous

litigations, the outcome of the cases might have been different in favor of the plaintiff. Whether

the plaintiff may be considered to be poor or rich in legal standpoint of view, or whether this

case was to be civil or criminal, in Douglas v. California, 372 U.S. 353 (1963), US supreme

court held that where the merits of the one and only appeal an indigent has as of right were

---

[18] The State argued that pursuant to Wilson v. State, 814 So. 2d 1203 (Fla. 2d DCA 2002), a notice of appeal divests
a trial court of jurisdiction to rule on a subsequently filed motion to withdraw plea…

decided without benefit of counsel in a state criminal case, there has been a discrimination between the rich and the poor which violates the Fourteenth Amendment.[19]

In Mathews v. Eldridge, the Supreme Court adopted a three-factor balancing test for determining "what process is due.[20]  Since then, the Mathews test has become the most commonly used yardstick for measuring the boundaries of due process[21]  The Mathews standard requires courts to weigh (1) "the private interest that will be affected by the official action" and (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards" against (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail."[22]

The state court's denial of the appeal right might satisfy the Mathews standard to be a violation of due process with (1) the private property of the plaintiff affected by the state court action; (2) the risk of losing the plaintiff property by denial of the appeal by the state court procedures; (3) fiscal and administrative burdens entailed with continuous litigations.

When the plaintiff appealed 'the lower court's denial of the appeal' to the state appeals court and then its judicial supreme court, the two highest courts should have known the state lower court's denial of the plaintiff appeal and they should have accepted the original appeal with the notice of appeal.  But the two highest courts denied the plaintiff's appeal of 'the lower court's denial of the appeal'.  Massachusetts General Laws ("MGL") Part III, Title I, Chapter 212Section 3A guarantees validity of notice appeal even though plaintiff takes no action.

---

[19] In Griffin v. Illinois, 351 U.S. 12 (1956) , US Supreme Court held that petitioners' constitutional rights were violated, the judgment of the Illinois Supreme Court is vacated, and the cause is remanded to that Court for further action affording petitioners adequate and effective appellate review.
[20] Mathews v. Eldridge, 424 U.S. 319, 333–35 (1976).
[21] See California ex rel. Lockyer v. Fed. Energy Regulatory Comm'n, 329 F.3d 700, 709 n.8 (9th Cir. 2003
[22] Mathews, 424 U.S. at 335

Basically the state lower court acted against the appeal right out of its jurisdiction; and the other highest courts did not exercise their judicial duty even though its judicial execution was in their jurisdiction. According to Massachusetts Rules of Appellate Procedure Rule 3 (a), An appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal. Thus the plaintiff had no choice but to resort to this federal court for due process violation from the state courts.

## X. ARGUMENT 6 – IMMUNITY

The state lower court – Superior Court did not have a jurisdiction to deny the appeal once the notice of appeal had been filed. The state appeals court should have the jurisdiction after the notice of appeal. The judges and clerks are immune to litigation for their intentional or accidental errors, capricious and malicious actions, and even excessive authority, but they are not immune to their actions out of jurisdiction.

Immunity applies even when the judge acts in excess of the judge's jurisdiction, but not if the judge acts without jurisdiction at all. "The scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge. "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (quoting Bradley v. Fisher, 13 Wall. 335, 351 (1871)). "The relevant standard for judicial immunity is whether the judicial official acted in 'the complete absence of all jurisdiction.'" Bare v. Atwood, 204 N.C. App. 310, 315 (2010) (quoting Mireles v. Waco, 502 U.S. 9, 12 (1991)). "There is a fundamental difference between exceeding authority and acting in the complete absence of all jurisdiction." Id., at 316.

# XI. ARGUMENT 7 – ROOKER FELDMAN

The policy underlying the Rooker-Feldman doctrine is based on the concept that a litigant should not be able to challenge state court orders in federal courts as a means of relitigating matters that already have been considered and decided by a court of competent jurisdiction. The Rooker-Feldman doctrine works to prevent lower federal courts from hearing direct appeals of state court decisions, a right statutorily reserved for the Supreme Court of the United States pursuant to 28 U.S.C. § 1257.[23]

This 28 U.S. Code § 1257 prevents the lower federal courts to review the state court decisions if the final judgments are rendered by the highest court of a state. However, in the state court case (1777-CV-00271), all the state lower court judgments were not ascended to the two highest state courts – the appeals court and the supreme judicial court because of the lower court's denial of the appeal as well as the clerical mistakes. Even the state lower court did not make final judgments on the merits for Relief (Rule 60) from Order to Vacate Default Judgment as well as for 'Appellant Brief' the plaintiff should have. In other words, no state courts reviewed and made final judgements on them at all. It was neglected and dead in the state courts.

Thus in terms of requirement for review and decision by the highest court of a State under 28 U.S. Code § 1257, Rooker-Feldman doctrine cannot be applied to this federal litigation case for the lost appeal right and Relief (Rule 60) from Order to Vacate Default Judgment. This federal litigation is to demonstrate the constitutional inadequacy of the state-law non-jurisdictional actions available to plaintiff in violation of due process rights[24], but not

---

[23] According to 28 U.S. Code § 1257 - State courts; certiorari (a), "final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari where the validity of a treaty or statute of the United States is drawn in question".

[24] In Pringle v. Court of Common Pleas, 778 F.2d 998 (3d Cir. 1985), the plaintiff's conviction was in violation of her due process rights under the U.S. Constitution. Her constitutional claim was raised in

necessarily to challenge the state-court judgments themselves. In Skinner v. Switzer, 562 U.S. 521, 531-32 (2011). the US Supreme court stated, "where the Court considered a claim substantively identical to the instant suit, it had no difficulty in rejecting the notion that Rooker-Feldman applied." The Court explained that while "a state-court decision is not reviewable by lower federal courts," "a statute or rule governing the decision may be challenged in a federal action." Id. at 532.[25]

In Exxon Mobil Corp. v. Saudi Basic Industries Corp. :: 544 U.S. 280 (2005)[26], the US Supreme Court - Justice Ginsburg delivered the opinion:

> "The Rooker-Feldman doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. Rooker-Feldman does not otherwise override or supplant preclusion doctrine or augment the circumscribed doctrines that allow federal courts to stay or dismiss proceedings in deference to state-court actions."

There was no opportunity for 'appellant brief' because of denial of the plaintiff appeal on the amended complaint by the state lower court. It never existed. The state appeals court and the state supreme judicial court never had an opportunity to review and rule on the 'appellant brief' due to its non-existence. What is more, the state lower court, the state appeals court, and the state supreme judicial court never made final judgments on merits for Rule 60 Relief from Order to Vacate Default Judgment. Thus Rooker Feldman doctrine cannot be applied to the two claims.

state court and denied, so it was not deemed to be a vehicle simply to get her case into federal court. The appeals court remanded it to the district court and gave the plaintiff writ of habeas corpus.
[25] Skinner, 562 U.S. at 532. As the Fifth Circuit recognized, "[t]his case is no different than Skinner," given that Petitioner "challenged the constitutionality of Texas's post-conviction DNA statute" as "authoritatively construed" by the CCA. Reed v. Goertz, 995 F.3d 425, 430 (5th Cir. 2021).

[26] see Thomas D. Rowe, Jr. & Edward L. Baskauskas, "Inextricably Intertwined" Explicable At Last? Rooker-Feldman Analysis After The Supreme Court's Exxon Mobil Decision, 2006 Fed. Cts. L. Rev. 1 (2006) (noting Exxon Mobil's "insistence generally on narrow applicability of Rooker-Feldman").

According to United States Courts – Appellate Courts and Cases[27], the federal appellate courts has jurisdiction over state and local laws, practices, and court rulings for allegations of violations of federal constitutional rights.

> "Federal appellate courts hear cases that originated in state courts when they involve claims that a state or local law or action violates rights guaranteed under the U.S. Constitution…U.S. appellate courts have jurisdiction over cases that allege violations of federal constitutional rights, regardless of whether the alleged violations involve federal, state, or local governments. Thus, appeals based on constitutional grounds permit federal court review of state and local laws, practices, and court rulings, not just direct appeals of federal cases."

## XII.    ARGUMENT 8 – RES JUDICATA

Similar to the plaintiff's arguments for Rooker Feldman doctrine, Res Judicata cannot be applied to non-existent 'Appellant Brief' in the state appeals court since the plaintiff never had an opportunity for appeal as 'right' in violation of due process and it was never ruled on with final judgments.  It is the same as to Rule 60 Relief from Order to Vacate Default Judgment since no state courts made final judgments on the merits.

In Griffin v. Griffin 327 U.S. 220 (1946), the Supreme Court states that due process bars the giving of preclusive effect to a judgment rendered by a court "without jurisdiction over the subject matter or the parties"; essentially meaning that a court cannot use a previous decision to bind someone if the court did not have the legal authority to make that decision in the first place

If the state lower court acted to deny the appeal without jurisdiction over the plaintiff, the action of the state court is without basis. The federal court cannot give preclusive effect to the judgment without jurisdiction. Basically due process bars  giving of preclusive effect to a judgment rendered by a court without a jurisdictional basis to hand down a judgment against the plaintiff.  Also the Supreme Court states in Griffin v. Griffin states, " A judgment obtained in violation of procedural due process is not entitled to full faith and credit when sued upon in

---

[27] See https://www.uscourts.gov/statistics-reports/appellate-courts-and-cases-journalists-guide

another jurisdiction" quoting National Exchange Bank v. Wiley, 195 U. S. 257 (1904); Old Wayne Life Assn. v. McDonough. 204 U.S. 8 (1907)

Plaintiff is pleading for this federal to review and decide what type of due process violation occurred in the state case (1777CV00271) as well as what kind of omissions and errors by the state courts were committed in violation of constitutional right for equal protection of due process under the state and federal constitutions and laws. Plaintiff could not bring this re-litigation to the federal court until the state Supreme Judicial Court reached the decision on 5-13-2021. In this regard, Res Judicata cannot be applied to this federal case for 're'-litigation.

In S.M.B. v. A.T.W., 810 S.W.2d 601, 605 (Mo.App. 1991), "The party asserting a prior judgment as res judicata has the burden to showing the existence of the necessary elements. The burden includes proof that the claim or issue was litigated." In previous cases, 42 U.S.C. § 1983 civil right claim was never been litigated; the appeal right was denied by non-jurisdictional action; and Relief (Rule 60) form Order to Vacate Default Judgment had never been made final judgment on with merits by all three state courts.[28]

According to Thomas M. McInnis & Assoc., Inc. v. Hall, 318 N.C. 421, 427, 349 S.E.2d 552, 556 (Nc. Sup. 1986), the requirements for Res Judicata are: 1. A final judgment on the merits[29]; 2. Identify of parties; and 3. Identity of claim. In Ray Haluch Gravel Co. v. Cent. Pension Fund of Operating Eng'rs & Participating Emp'rs, 571 U.S. 177 (2014), the US

---

[28] In Miller Building Corp. v. NBBJ North Carolina, Inc., 129 N.C. App. 97, 100, 497 S.E.2d 433, 435 (1998) Courts are permitted to look beyond the judgment itself to determine if an issue was actually litigated. (In determining what issues were actually litigated or decided by the earlier judgment, the court in the second proceeding is "'free to go beyond the judgment roll, and may examine the pleadings and the evidence [if any] in the prior action.'").

[29] According to Legal Information Institute, the phrase "on the merits" refers to a case whose decision rests upon the law as it applied to the particular evidence and facts presented in the case. This is in opposition to cases whose decisions rest upon procedural grounds; On the merits means that the factual issues directly involved must have been actually litigated and determined." Slowinski v. Valley Nat'l Bank, 264 N.J. Super. 172, 183 (App. Div. 1993)

Supreme Court stated, "a "final decision" is one that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment. Catlin v. United States, 324 U. S. 229, 233 (1945)."[30]

The parties and claims for 42 U.S.C. § 1983 in this litigation defeat the requirement for Res Judicata. There was no final judgment on the 'appellant brief' with appeal right since it was non-existent since the state lower court denied it with non-jurisdictional action; parties are not the same since this federal complaint is against the state court - judges and clerks for their errors in laws and facts even though they are not explicitly noted as one of the parties; Relief (Rule 60) from Order to Vacate Default Judgment was never made final judgments even on the merits..

## XIII. ARGUMENT 9 – FAILURE TO STAE A CLAIM

The plaintiff alleged the state lower court's non-jurisdictional action by denying the appeal right; and the two highest courts did not perform the judicial exercise of their jurisdictional duties. Due process right was neglected in the state court. Thus the plaintiff properly claimed a violation of due process protected under 42 U.S.C. § 1983 which resulted in damage to the plaintiff property by the state court actions.

The Rule 12(b)(6) test has been revised in recent years. In Conley v. Gibson, 355 U.S. 41 (1957), the Supreme Court stated the interplay between Rule 8 (pleading) and Rule 12(b)(6) as follows: "The accepted rule is that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

---

[30] In Stat of Uttar Pradesh & Anr. V. Jagdish Sharan Agrawal & Ors. (2009) 1 SCC 689, the Apex Court held that where the matter has not been decided on merit earlier, the doctrine of res judicata is not applicable.

In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court stated: "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face.'" (quoting Twombly, 550 U.S. at 570). 355 U.S. at 45-46. In Bell Atlantic Corporation v. Twombly, 55 U.S. 544 (2007), the Court noted questions raised regarding the "no set of facts" test and clarified that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," id. at 563. It continued: "Conley, then, described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival." Id.

## XIV.   APPEAL OF THE CASE

The complaint and its appeal is about the state court's violation of due process right Protected under 42 Federal USC §1983.  The contents of the complaints are self-explanatory, but since the judges and clerks are known to be immune to litigation without knowing there are exceptions at that time, they were not mentioned in the parties.  The challenge of this appeal is to prove that the state court official are not immune to this litigation if their actions were out of their jurisdiction in violation of due process. In the end, if the state court actions are found to violate due process with new decisions, the defendants – Bank of America and others should be responsible for damaging the plaintiff's property.

1. **The lower court should have reviewed the second amended complaint.**

The lower court issued the memorandum and order on the amended complaint for dismissal and denied the motion for the second amended complaint for its 'futility' issue. There was no 'bad-faith' action by the plaintiff to submit the second amended complaint

1 month after the first amended complaint. The lower court should have accepted the second amended complaint for the order and memorandum.

2. **The state court did not have jurisdiction to deny the appeal**

Even though the plaintiff did not use a word of specific 'non-jurisdictional action' by the state court in the complaints, the plaintiff made detailed allegation of the state court's actions out of jurisdiction against the plaintiff. The plaintiff proved that the state judges were not immune to the litigation when they made judgments out of jurisdiction against the plaintiff.

3. **The state court did not have jurisdiction to deny relief (CPR 60) for amended complaint and subsequent motions.**

After notice of appeal, the state lower court did not have jurisdiction over 'relief from judgment to dismiss the amended complaint' and 'relief from order to vacate default jdugment' as well as subsequent motions. The state appellate court had jurisdiction. When the state lower court made judgements against the plaintiff for two reliefs and other motions, their actions were out of jurisdiction and are not immune to litigation. The relief motion should have been ascended to the appeals court with notice of appeal.

4. **The state court never made final judgment on merits for relief (CPR 60) from order to vacate default judgment**

The state lower court never made final judgments on merits for relief from order to vacate default judgment. When it was first submitted, the state court rejected it because of non-conformance with superior court rule 9a. After the relief was submitted in conformance with the rule 9a, the court did not rule on it over a year. After the notice of appeal was denied, the plaintiff mailed a notice of letter stating that the relief was not

ruled on. The state court denied the notice. Not only the state court did not make final judgement on it, but also it did not have a jurisdiction over rule 60.

5. **The Appeal as of Right was not given to the plaintiff for Appeal Brief.**

With denial of appeal right, the plaintiff never had an opportunity for the appeal brief. It was last chance to have an opportunity to save the plaintiff property, but the plaintiff lost it in violation of due process by the state lower court's action out of jurisdiction and the two higher state courts did nothing to prevent it.

6. **Rooker Feldman doctrine does not apply to this case**

The Rooker-Feldman doctrine is a legal principle that prevents federal courts from reviewing state court judgments. The state lower court made final judgment for Relief from Judgment to Dismiss Amended Complaint, but its decision was non-jurisdictional to be null; meanwhile the court gave only two instructions for Relief from Order to Vacate Default Judgment, but never made final judgment on merit. Even if the court had final rulings on it, it is null because the lower court did not have jurisdiction on it after notice of appeal.

Appeal brief for the amended complaint never existed due to denial by the lower court. The higher courts – appellate and judicial supreme courts did not provide the plaintiff with appeal as right for the brief because of their failure to perform judicial duties. Thus Rooker Feldman doctrine cannot give preclusive effect on two reliefs and appeal brief.

7. **Res judicata does not apply to this case**

After notice of appeal, the state lower court had no jurisdiction over two reliefs. The court's decision on two reliefs whether it was capricious or final on the merits are

null.  Thus res judicata can not be applied to these two reliefs since they were never reviewed by the appeals court.

Even though the state lower court had jurisdiction on the amended complaint and made final judgment on it, an opportunity for its appeal brief was never given to the plaintiff by non-jurisdictional decision by the state lower court with denial of the appeal. The appeal brief was non-existent and res judicata cannot be applied to non-existent allegations.  The purpose of this federal litigation is to have an opportunity for allegations and claims equivalent to the appeal brief the plaintiff never had in the state court litigation.

8. **Claim for 42 Federal USC §1983 was successfully stated in the complaints.**

Main statement of a claim in this litigation is the plaintiff suffered from due process violation protected under 42 Federal USC §1983 by non-jurisdictional decisions by the state lower court and failure of exercising judicial duties by the appellate and supreme judicial court.  When the plaintiff filed a notice of appeal on 'denial of notice of appeal' by the lower court, the higher courts – appellate and supreme judicial courts should have known the state lower court's denial of appeal and they should have instructed the lower court to hand over the notice of appeal and two reliefs to them for review and decision.

## XV.    CONCLUSION

In violation of due process protected under 42 USC §1983, The state lower court acted against the appeal right out of its jurisdiction; and the other higher and highest courts did not exercise their judicial duty even though its judicial execution was in their jurisdiction. Massachusetts General Laws ("MGL") Part III, Title I, Chapter 212Section 3A guarantees validity of notice appeal even though plaintiff takes no further action, but the state court took no

action to protect the plaintiff's due process right under 42 USC §1983. Thus the plaintiff had no choice but to resort to this federal court for due process violation from the state courts.

The plaintiff pleads this appeals court to reverse the lower court's order; and grant the plaintiff to recover the lost opportunity for the appeal; and to challenge the state court's decision for dismissal of the appeal along with review of the case by this federal court or by the state court along with any other measure this appeals court considers to be appropriate.

Respectfully Submitted,

/s/ Heewon lee - "Pro Se"



60 Rantoul Street Unit #110
Beverly, MA 01915
Tel: (617) 717-8000
Date: September 3, 2024

## CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing were delivered this 3[th] day of 2024 to the attorney of the appellees via the Federal Court's EDF filing system.

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with the type and limitations (about 9,800 words less than 13,000 words) in Rule 32(a)(7)(A)(B) and the page limitation set forth in Rule 32(A) of the Federal Rules of Appellate Procedure.

/s/ Heewon lee - "Pro Se"



60 Rantoul Street Unit #110
Beverly, MA 01915
Tel: (617) 717-8000
Date: September 3, 2024

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIRST CIRCUIT

| | | |
|---|---|---|
| **Heewon Lee** | ) | |
| **"Pro Se"** | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | |
| **BANK OF AMERICA,** | ) | **C.A.NO. 24-1149** |
| **BANK OF AMERICA, N.A. and** | | |
| **HOME RETENTION SERVICE/** | | |
| **SPECIALIZED LOAN SERVICING** | ) | |
| **Defendants.** | ) | |

### AFFIDAVIT

I, Heewon Lee – Pro Se, the plaintiff and appellant., do hereby swear under the oath that:

The statements made in the Appellant Brief are the truth of the facts for the allegations of the previous case as well as for the brief.

Under penalty of perjury, I hereby declare and affirm that the above stated facts, to the best of my knowledge, are true and correct – Signed on 9-3-2024

Respectfully Submitted,

/s/ Heewon lee - "Pro Se"

60 Rantoul Street Unit #110
Beverly, MA 01915
Tel: (617) 717-8000
Date: September 3, 2024

1

**CERTIFICATE OF SERVICE**

I hereby certify that copies of the foregoing were delivered this 3[th] day of  2024 to the attorney of the appellees via the Federal Court's EDF filing system.


/s/ Heewon lee - "Pro Se"


60 Rantoul Street Unit #110
Beverly, MA 01915
Tel: (617) 717-8000
Date: September 3, 2024



**Appeals Ex 1**

## THE COMMONWEALTH OF THE MASSACHUSETTS

**ESSESEX, ss.**                                    **SUPERIOR COURT**

**DOCKET: 1777CV00271**

| | |
|---|---|
| Heewon Lee | ) |
| "Pro Se" | ) |
| Plaintiff, | ) |
| vs. | ) |
| BAC HOME LOANS SERVICING, LP, a | ) |
| subsidiary of BANK OF AMERICA, N.A. | ) |
| Defendant. | ) |

**NOTICE OF APPEAL**

### NOTICE OF APPEAL

Pro Se, Heewon Lee gives notice that he appeals from the following judgments and orders;

1. Order (or judgment) to Dismiss Amended Complaint on 5-17-2018.

2. Pending Order (or judgment) for Relief from Order to Vacate Default Judgment filed on 6-11-2018.

3. Pending Order (or judgment) for Relief from Judgment to Dismiss Amended Complaint filed on 6-11-2018.

4. All orders or judgments in the trial court denying Plaintiff's motions including Motion to Deny Defendant's Motion to Vacate Default Judgment, Reconsideration Order to Vacate Default Judgment, Motion for Leave of Court to extend time to file Second Amended Complaint by May 22, 2018'



# 1777CV00271 Lee, Heewon vs. BAC Home Loans Servicing, LP, a subsidiary of Bank of America, N.A.

- Case Type
- Equitable Remedies
- Case Status
- Closed
- File Date
- 02/28/2017
- DCM Track:
- F - Fast Track
- Initiating Action:
- Other Equity Action
- Status Date:
- 02/28/2017
- Case Judge:
- 
- Next Event:
- 

| All Information | Party | Event | Tickler | Docket | Disposition |



## Party Information

**Lee, Heewon**
- Plaintiff

| Alias | Party Attorney |
|---|---|
| | Attorney |
| | Pro Se |
| | Bar Code |
| | PROPER |
| | Address |
| | Phone Number |
| | |

More Party Information

**BAC Home Loans Servicing, LP, a subsidiary of Bank of America, N.A.**
- Defendant

| Alias | Party Attorney |
|---|---|
| | Attorney |
| | McCann, III, Esq., John H |
| | Bar Code |
| | 671393 |
| | Address |
| | Shechtman Halperin Savage, LLP |
| | 1080 Main St |
| | Pawtucket, RI 02860 |
| | Phone Number |
| | (401)272-1400 |

More Party Information

## Events

| Date | Session | Location | Type | Event Judge | Result |
|---|---|---|---|---|---|
| 09/05/2017 02:00 PM | Civil D | LAWRENCE-2nd FL, CR 2 (SC) | Hearing on Preliminary Injunction | Drechsler, Hon. Thomas | Held as Scheduled |

| Date | Session | Location | Type | Event Judge | Result |
|------|---------|----------|------|-------------|--------|
| 12/19/2017 02:00 PM | Civil D | LAWRENCE-1st FL, CR 1 (SC) | Hearing | Tabit, Hon. Salim | Held as Scheduled |
| 01/09/2018 02:00 PM | Civil D | LAWRENCE-1st FL, CR 1 (SC) | Damage Assessment Hearing | | Canceled |
| 05/10/2018 02:00 PM | Civil D | LAWRENCE-1st FL, CR 1 (SC) | Rule 12 Hearing | Tabit, Hon. Salim | Held - Under advisement |
| 08/08/2018 02:00 PM | Civil D | LAWRENCE-1st FL, CR 1 (SC) | Motion Hearing for Reconsideration | Tabit, Hon. Salim | Held - Under advisement |

## Ticklers

| Tickler | Start Date | Due Date | Days Due | Completed Date |
|---------|-----------|----------|----------|----------------|
| Service | 02/28/2017 | 05/30/2017 | 91 | 04/05/2017 |
| Answer | 02/28/2017 | 06/28/2017 | 120 | 05/17/2018 |
| Rule 12/19/20 Served By | 02/28/2017 | 06/28/2017 | 120 | 01/31/2018 |
| Rule 12/19/20 Filed By | 02/28/2017 | 07/28/2017 | 150 | 05/17/2018 |
| Rule 12/19/20 Heard By | 02/28/2017 | 08/28/2017 | 181 | 05/17/2018 |
| Rule 15 Served By | 02/28/2017 | 06/28/2017 | 120 | 05/17/2018 |
| Rule 15 Filed By | 02/28/2017 | 07/28/2017 | 150 | 05/17/2018 |
| Rule 15 Heard By | 02/28/2017 | 08/28/2017 | 181 | 05/17/2018 |
| Discovery | 02/28/2017 | 12/26/2017 | 301 | 05/17/2018 |
| Rule 56 Served By | 02/28/2017 | 01/24/2018 | 330 | 05/17/2018 |
| Rule 56 Filed By | 02/28/2017 | 02/23/2018 | 360 | 05/17/2018 |
| Final Pre-Trial Conference | 02/28/2017 | 06/25/2018 | 482 | 05/17/2018 |
| Judgment | 02/28/2017 | 02/28/2019 | 730 | 05/17/2018 |
| Under Advisement | 05/10/2018 | 06/09/2018 | 30 | 05/17/2018 |

## Docket Information

| Docket Date | Docket Text | File Ref Nbr. |
|-------------|-------------|---------------|
| 02/28/2017 | Attorney appearance<br>On this date Pro Se added for Plaintiff Heewon Lee | |
| 02/28/2017 | Case assigned to:<br>DCM Track F - Fast Track was added on 02/28/2017 | |
| 02/28/2017 | Original civil complaint filed. | 1 |
| 02/28/2017 | Civil action cover sheet filed. | 2 |
| 02/28/2017 | Plaintiff(s) Heewon Lee's EMERGENCY  Motion for a Preliminary Injunction | 3 |
| 02/28/2017 | Heewon Lee's  Memorandum in support of<br>Plaintiff's Emergency Motion For A Preliminary Injunction | 3.1 |
| 02/28/2017 | Endorsement on Motion for Preliminary Injunction (#3.0): DENIED<br>Upon review, DENIED as an emergency motion in the absence of an affidavit detailing any alleged immediate and unreparable injury. See Mass.R.Civ.P. 65(a). Nor is there any evidence proffered of an immediate or even scheduled foreclosure of Plaintiff's mortgage on condominium. | |
| 04/05/2017 | Service Returned for<br>Defendant BAC Home Loans Servicing, LP, a subsidiary Of Bank Of America, N.A.: Service via certified mail; | 4 |

| Docket Date | Docket Text | File Ref Nbr. |
|---|---|---|
| 08/09/2017 | Amended: amended complaint filed by Heewon Lee | 5 |
| 08/23/2017 | Plaintiff(s) Heewon Lee's EMERGENCY Motion for a Preliminary Injunction | 6 |
| 08/23/2017 | Heewon Lee's Memorandum in support of EMERGENCY Motion for a Preliminary Injunction | 6.1 |
| 08/23/2017 | Endorsement on Motion for a Preliminary Injunction (#6.0): Summons and Order of Notice to issue | |
| 10/06/2017 | Endorsement on Motion for Preliminary Injunction (#6.0): DENIED<br>Plaintiff failed to appear at the scheduled hearing and the defendant appeared in opposition<br><br>Judge: Drechsler, Hon. Thomas | |
| 11/02/2017 | Plaintiff Heewon Lee's Motion to<br>Stop Foreclosing | 7 |
| 11/02/2017 | Plaintiff Heewon Lee's Motion to<br>reconsider preliminary injunction and hearing | 8 |
| 11/08/2017 | Entered as to:<br>Defendant BAC Home Loans Servicing, LP, a subsidiary Of Bank Of America, N.A.: Defaulted by 55(a) request | 9 |
| 11/08/2017 | Document:<br>A Default order Mass. R. Civ. P. 55(a) was generated and sent to:<br>Plaintiff: Heewon Lee<br>Attorney: Jonathan Stone Rankin, Esq. | 10 |
| 11/08/2017 | Plaintiff Heewon Lee's Motion for default judgment | 11 |
| 11/08/2017 | Affidavit of Heewon Lee for physical time and cost loss | 11.1 |
| 11/10/2017 | Opposition to Motion for default judgment filed by BAC Home Loans Servicing, LP, a subsidiary of Bank of America, N.A. | 12 |
| 11/10/2017 | The following form was generated:<br>Notice to Appear for Damage Assessment Hearing (1/9/18)<br>Sent On: 11/10/2017 15:32:33 | |
| 11/16/2017 | General correspondence regarding File sent to Judge Drechsler in Salem for ruling on motion for reconsideration (of plaintiff's "Motion to Stop Foreclosing") | |
| 11/17/2017 | Defendant BAC Home Loans Servicing, LP, a subsidiary of Bank of America, N.A.'s EMERGENCY Motion to remove Default | 13 |
| 11/27/2017 | Plaintiff Heewon Lee's Motion to extend time for Assessment of the Damages and the hearing01/09/2018 02:00 PM Damage Assessment Hearing | 14 |
| 11/28/2017 | Endorsement on Motion to extend time for Assessment of the Damages and the hearing 01/09/2018 02:00 PM Damage Assessment Hearing (#14.0): DENIED<br>without prejudice for failure to comply with Superior Court Rule 9A.<br><br>Judge: Tabit, Hon. Salim | |
| 11/29/2017 | Opposition to EMERGENCY Motion to remove Default filed by Heewon Lee | 15 |
| 11/30/2017 | The following form was generated:<br><br>Notice to Appear<br>Sent On: 11/30/2017 10:25:08 | |
| 12/07/2017 | Plaintiff Heewon Lee's EMERGENCY Motion to<br>deny defendant's motion to vacate default | 16 |
| 12/14/2017 | BAC Home Loans Servicing, LP, a subsidiary of Bank of America, N.A.'s Memorandum in opposition to EMERGENCY Motion to deny defendant's motion to vacate default (P#16) | 17 |
| 12/18/2017 | Plaintiff Heewon Lee's Motion to<br>Subpoena Susan E Magaddino | 18 |
| 12/18/2017 | Heewon Lee's Reply Memorandum to Memorandum in opposition to EMERGENCY Motion to deny defendant's motion to vacate default | 19 |
| 12/20/2017 | Endorsement on Motion to Vacate default (#13.0): ALLOWED<br>After hearing, motion is ALLOWED. Dated 12/19/2017 | |

| Docket Date | Docket Text | File Ref Nbr. |
|---|---|---|
| | Judge: Tabit, Hon. Salim | |
| 12/20/2017 | Endorsement on Reply of plaintiff:  Opposition to Defendant's Emergency Motion to Vacate Default (#15.0): DENIED<br>After hearing, motion DENIED.  Dated 12/19/2017<br><br>Judge: Tabit, Hon. Salim | |
| 12/20/2017 | Endorsement on Motion to Deny Defendant's Motion to Vacate Default (#16.0): DENIED<br>After hearing, DENIED.  Dated 12/19/2017<br><br>Judge: Tabit, Hon. Salim | |
| 12/20/2017 | Endorsement on Motion to Subpoena Susan E. Magaddino (#18.0): DENIED<br>After review, motion DENIED for failure to comply with Superior Court Rule 9A.  Dated 12/19/2017<br><br>Judge: Tabit, Hon. Salim | |
| 12/20/2017 | ORDER: Defendant shall file an answer on or before February 1, 2018.  A motion to amend the tracking order may be filed with the answer. (as issued from the bench)<br><br>Judge: Tabit, Hon. Salim | |
| 12/27/2017 | Plaintiff Heewon Lee's  Motion to<br>reconsider order to vacate default judgment | 20 |
| 12/27/2017 | Affidavit of Heewon Lee in support of Motion to reconsider order to vacate default judgment | 20.1 |
| 12/27/2017 | Plaintiff Heewon Lee's  Motion to<br>subpoena Susan E Magadinno | 21 |
| 12/27/2017 | Affidavit of Heewon Lee in support of Motion to subpoena Susan E Magadinno | 21.1 |
| 01/02/2018 | Endorsement on Motion to Reconsider Order to Vacate Default Judgment (#20.0): Other action taken<br>After review, the motion to reconsider is DENIED.  The plaintiff has failed to comply with Superior Court Rule 9A. Even if the plaintiff had complied with Superior Court Rule 9A, the Court would have , and does deny, the motion. The court finds no material change in circumstances that requires reconsideration of its prior decision to vacate the default.  Dated 1/2/18<br><br>Judge: Tabit, Hon. Salim | |
| 01/02/2018 | Endorsement on Motion to Subpoena Susan E. Magadinno (#21.0): DENIED<br>(See #18.)  Dated 1/2/18<br><br>Judge: Tabit, Hon. Salim | |
| 01/09/2018 | Plaintiff Heewon Lee's  Motion to<br>serve and file pleadings per superior court rules and civil procedures | 22 |
| 01/09/2018 | Affidavit of Heewon Lee for Motion to serve and file pleadings per superior court rules and civil procedures | 22.1 |
| 01/12/2018 | Endorsement on Motion to serve and file pleadings per superior court rules and civil procedures (#22.0): No Action Taken<br>It is unclear to the court what relief the plaintiff seeks in this motion. The "motion to reconsider to vacate order to vacate default judgment"(P#21) was denied by the court on 1/2/18. Perhaps that ruling will clarify things for the plaintiff. Further, if plaintiff seeks to file a second amended complaint, he shall do so pursuant to MA Rules of Civil Procedure (see Rule 15) and Superior Court Rule 9A.<br><br>Judge: Karp, Hon. Jeffrey | |
| 01/22/2018 | Notice of docket entry received from Appeals Court | 23 |
| 01/24/2018 | Court received copies of documents sent to Appeals Court from Plaintiff related to appeal | |
| 02/01/2018 | Defendant's Notice of intent to file motion to dismiss the amended complaint<br><br>Applies To: BAC Home Loans Servicing, LP, a subsidiary of Bank of America, N.A. (Defendant) | 24 |
| 02/13/2018 | Heewon Lee's  MOTION for reconsideration of Court Order dated 12/19/2017 re:  paper #18.0. | 25 |
| 02/13/2018 | Heewon Lee's   Memorandum in support of Motion to Reconsider | 25.1 |
| 02/13/2018 | Affidavit of Heewon Lee for Motion to Reconsider | 25.2 |

| Docket Date | Docket Text | File Ref Nbr. |
|---|---|---|
| 02/15/2018 | Endorsement on Motion to Reconsider (#25.0): DENIED<br>Plaintiff has failed to show circumstances warranting reconsideration.<br><br>Judge: Karp, Hon. Jeffrey | |
| 02/16/2018 | Defendant BAC Home Loans Servicing, LP, a subsidiary of Bank of America, N.A.'s   Motion to dismiss all counts the amended complaint | 26 |
| 02/16/2018 | BAC Home Loans Servicing, LP, a subsidiary of Bank of America, N.A.'s   Memorandum in support of Motion to dismiss the amended complaint | 26.1 |
| 02/16/2018 | Plaintiff BAC Home Loans Servicing, LP, a subsidiary of Bank of America, N.A.'s   Motion to extend tracking deadline(s) | 26.2 |
| 02/16/2018 | Opposition to Motion to dismiss the amended complaint; Motion to extend tracking deadline(s) filed by Heewon Lee (filed 2/13/18) | 26.3 |
| 02/16/2018 | Affidavit of compliance with Superior Court Rule 9A<br><br>Applies To: McCann, III, Esq., John H (Attorney) on behalf of BAC Home Loans Servicing, LP, a subsidiary of Bank of America, N.A. (Defendant) | 26.4 |
| 02/16/2018 | Rule 9A list of documents filed. | 26.5 |
| 02/16/2018 | Rule 9A notice of filing | 26.6 |
| 02/21/2018 | The following form was generated:<br>Notice to Appear for Rule 12 Hearing and extend tracking order (5/10/18)<br>Sent On:  02/21/2018 08:52:06 | |
| 05/07/2018 | Plaintiff Heewon Lee's   Memorandum in Support of Rule 12 Hearing | 27 |
| 05/15/2018 | Plaintiff Heewon Lee's EMERGENCY  Motion to extend time for filing second amended complaint by May 22, 2018 | 28 |
| 05/17/2018 | Endorsement on Motion for Leave of Court to Extend Time to file second amended complaint by 5/22/18 (#28.0): DENIED<br>After review, the motion is DENIED without prejudice. The Court finds no emergency requiring the plaintiff to bypass the traditional filing requirements of any motion. The Plaintiff is certainly within his rights to file this motion pursuant to Superior Court 9A.<br><br>Judge: Tabit, Hon. Salim | |
| 05/17/2018 | ORDER: Memorandum and Order on Defendant Bank of America, N.A.'s Motion to Dismiss Plaintiff Heewon Lee's Amended Complaint<br>Defendant's Motion to Dismiss is ALLOWED as to all counts. See memorandum for full decision.<br><br>Judge: Tabit, Hon. Salim | 29 |
| 05/17/2018 | JUDGMENT on Defendants,  BAC Home Loans Servicing, LP, a subsidiary of Bank of America, N.A. 12(b) motion to dismiss against Plaintiff(s) Heewon Lee.<br>It is ORDERED and ADJUDGED:<br>Defendant's motion to dismiss is hereby ALLOWED as to all counts of Plaintiff's complaint.<br><br>Judge: Tabit, Hon. Salim | 30 |
| 06/11/2018 | Self-Represented Plaintiff Heewon Lee's EMERGENCY motion to vacate judgment<br>Default Judgment | 31 |
| 06/11/2018 | Self-Represented Plaintiff Heewon Lee's EMERGENCY motion to vacate judgment<br>for Relief from Judgment to Dismiss Amended Complaint | 32 |
| 06/11/2018 | Notice of appeal filed.<br><br>Applies To: Lee, Heewon (Plaintiff) | 33 |
| 06/11/2018 | copy of Notice of Appeal sent to Defendant's counsel | 34 |
| 06/11/2018 | Endorsement on motion to vacate judgment (#31.0): Default Judgment DENIED<br>the court finding no emergency.<br><br>Judge: Tabit, Hon. Salim | |

| Docket Date | Docket Text | File Ref Nbr. |
|---|---|---|
| 06/11/2018 | Endorsement on motion to vacate judgment (#32.0): for Relief from Judgment to Dismiss Amended Complaint DENIED<br>after review, the court finding no emergency, denies the motion.<br>The motion is FURTHER DENIED on substantive grounds for reasons stated on the court's 5/17/18 decision and order.<br><br>Judge: Tabit, Hon. Salim | |
| 06/22/2018 | Plaintiff's Notice of intent to file motion for reconsideration and motions for relief from order and judgments<br><br>Applies To: Lee, Heewon (Plaintiff) | 35 |
| 06/25/2018 | Plaintiff Heewon Lee's EMERGENCY  Motion to Recuse | 36 |
| 06/25/2018 | Heewon Lee's   Memorandum in support of EMERGENCY Motion to Recuse | 36.1 |
| 06/25/2018 | Affidavit of Heewon Lee in support of EMERGENCY Motion to Recuse | 36.2 |
| 06/26/2018 | Endorsement on Motion to Recuse (#36.0): DENIED<br>without prejudice. The court finds no emergency requiring the motion be acted upon without proper notice to all parties. The plaintiff may file this motion is accordance with Superior Court Rule 9A and the court will schedule a hearing for the parties to be heard on the motion.<br><br>Judge: Tabit, Hon. Salim | |
| 07/23/2018 | Plaintiff Heewon Lee's   Motion for<br>for clarification and reconsideration of relief from judgment to dismiss amended complaint | 37 |
| 07/23/2018 | Pro SeHeewon Lee's   Memorandum in support of Motion for clarification and reconsideration relief from judgment to dismiss amended complai | 37.1 |
| 07/23/2018 | Affidavit of Heewon Lee | 37.2 |
| 07/23/2018 | Opposition to to Motion for clarification and reconsideration  of relief from judgment to dismiss amended complaint filed by BAC Home Loans Servicing, LP, a subsidiary of Bank of America, N.A. | 37.3 |
| 07/23/2018 | Opposition to to Plaintiff's Motion for relief from order vacating default judgment filed by BAC Home Loans Servicing, LP, a subsidiary of Bank of America, N.A. | 37.4 |
| 07/23/2018 | Plaintiff Heewon Lee's   Reply to<br>Defendant's opposition to Motion for clarification and reconsideration of relief from judgment to dismiss amended complaint | 37.5 |
| 07/23/2018 | Plaintiff Heewon Lee's   Reply to<br>defendant's opposition to relief from order to vacate default judgment (CPR 60 Rule) | 37.6 |
| 07/24/2018 | The following form was generated:<br><br>Notice to Appear<br>Sent On:  07/24/2018 09:42:19 | |
| 08/29/2018 | MEMORANDUM & ORDER:<br><br>Memorandum of Decision and Order on Plaintiff's Clarification and Reconsideration to Dismiss Amended Complain(#37)t:  ...For the reasons stated above, it is ORDERED that, after full reconsideration of Lee's federal claims, the Amended Complaint stands DISMISSED.  Dated August 28, 2018<br><br>Judge: Tabit, Hon. Salim<br><br>Notice sent 9/29/18<br><br>Judge: Tabit, Hon. Salim | 38 |
| 09/10/2018 | Plaintiff's Notice of intent to file motion for reclarification and reconsideration; motion to recuse in conformance with superior court rule 9A<br><br>Applies To: Lee, Heewon (Plaintiff) | 39 |
| 09/17/2018 | Plaintiff Heewon Lee's   Notice of<br>Extended Time by Consent of Defendant Attorney as per SCR 9A | 40 |

| Docket Date | Docket Text | File Ref Nbr. |
|---|---|---|
| 10/16/2018 | Plaintiff Heewon Lee's  Motion for<br>re-clarification and Motion for recuse as per SCR 9A | 41 |
| 10/24/2018 | Endorsement on Motion for re-clarification and motion for recuse as per SCR 9A (#41.0): DENIED<br>After review, the motion for reclarification is DENIED. Although titled a motion for reclarification, the plaintiff's motion is in sum and substance a motion for reconsideration.  The court finds no change in circumstance requiring reconsideration of its prior rulings.  See Peterson v. Hopson, 306 Mass. 597, 599 (1940).  As stated in Peterson, "[a] judge should hesitate to undo his own work."  After review, the motion to recuse is also DENIED.  The court ruled on the plaintiff's motion on the record at an August 8, 2018 hearing in which I made clear that I had examined my own conscience and that I was certain of my impartiality.  I further determined that after conducting an objective analysis, no reasonable person could question my impartiality.  Nothing in the plaintiff's motion alters my analysis or decision.<br><br>Judge: Tabit, Hon. Salim | |
| 11/06/2018 | Plaintiff's Notice of intent to file motion for protection due process in dismissal of plaintiff's amended complaint as per SCR 9A<br><br>Applies To: Lee, Heewon (Plaintiff) | 42 |
| 12/19/2018 | Plaintiff Heewon Lee's Motion for<br>protection of due process in relief from judgment to dismiss amended complaint | 43 |
| 12/19/2018 | Affidavit of plaintiff | 43.1 |
| 12/20/2018 | Endorsement on Motion for protection of due process in relief from judgment to dismiss amended complaint (#43.0): DENIED<br>after thorough review.<br><br>Judge: Karp, Hon. Jeffrey | |
| 01/02/2019 | Plaintiff's Notice of intent to file motion for reconsideration of protection of due process dismissal of amended complaint<br><br>Applies To: Lee, Heewon (Plaintiff) | 44 |
| 02/19/2019 | Defendant BAC Home Loans Servicing, LP, a subsidiary of Bank of America, N.A.'s Motion to dismiss Appeal | 45 |
| 02/19/2019 | BAC Home Loans Servicing, LP, a subsidiary of Bank of America, N.A.'s Memorandum in support of Motion to dismiss Appeal | 45.1 |
| 02/26/2019 | Endorsement on Motion to dismiss Appeal (#45.0): DENIED<br>without prejudice to consideration of an opposition or a statement of no opposition.<br><br>Judge: Lu, Hon. John T | |
| 02/27/2019 | Opposition to Motion to dismiss Appeal filed by Heewon Lee | 46 |
| 02/27/2019 | Plaintiff Heewon Lee's Motion for<br>Reconsideration of Motion for protection of due process in relief from judgment to dismiss amended complaint | 47 |
| 03/01/2019 | General correspondence regarding plaintiff submitted defendant's opposition to motion to dismiss [defendant filed his opposition directly with the court, see P#46 entered on 2/27/19] | 48 |
| 03/04/2019 | Endorsement on Motion to dismiss Appeal (#45.0): DENIED, Other action taken<br>based on the opposition, the plaintiff is granted 60 days to prosecute its appeal. This case is again subject to dismissal if the plaintiff Heewon Lee fails to fulfill its obligations to pursue its appeal. the plaintiff may not receive any further warning. Please be attentive to your obligations. This motion to dismiss is Denied. | |
| 03/08/2019 | Opposition to (P#47) Motion for Reconsideration of Motion for protection of due process in relief from judgment to dismiss amended complaint filed by BAC Home Loans Servicing, LP, a subsidiary of Bank of America, N.A. | 49 |
| 03/18/2019 | Endorsement on Memorandum for reconsideration (#47.0): DENIED<br>see Memorandum and Order at #50<br><br>Judge: Karp, Hon. Jeffrey | |
| 03/19/2019 | MEMORANDUM & ORDER:<br><br>See attached order and memo<br><br>Judge: Karp, Hon. Jeffrey | 50 |

| Docket Date | Docket Text | File Ref Nbr. |
|---|---|---|
| 03/27/2019 | Plaintiff's Notice of intent to file motion for reconsideration and clarification of protection of due process in dismissal of amended complaint in conformance with Superior Court Rule 9A<br><br>Applies To: Lee, Heewon (Plaintiff) | 51 |
| 03/27/2019 | Plaintiff Heewon Lee's Notice of<br>clarification of court's order in motion to dismiss appeal; denied | 51.1 |
| 04/19/2019 | Plaintiff Heewon Lee's Motion for<br>Clarification of Court's Order in Motion to Dismiss Appeal; Denied | 52 |
| 04/19/2019 | Plaintiff Heewon Lee's Motion for Extension of Prosecuting the Appeal | 53 |
| 04/19/2019 | Affidavit filed by Plaintiff Heewon Lee in support of<br>Motion for Extension of Prosecuting the Appeal | 53.1 |
| 04/25/2019 | Plaintiff Heewon Lee's Motion for<br>clarification and reconsideration of motion for protection of due process | 54 |
| 04/25/2019 | Plaintiff Heewon Lee's Memorandum for<br>clarification and reconsideration of motion for protection of due process | 54.1 |
| 04/25/2019 | Affidavit of plaintiff for Motion for clarification and reconsideration of motion for protection of due process | 54.2 |
| 05/02/2019 | Plaintiff Heewon Lee's EMERGENCY Motion for extension of prosecuting the appeal | 55 |
| 05/02/2019 | Plaintiff Heewon Lee's Memorandum of<br>EMERGENCY Motion for extension of prosecuting the appeal | 55.1 |
| 05/13/2019 | Opposition to Motion for clarification and reconsideration of motion for protection of due process filed by BAC Home Loans Servicing, LP, a subsidiary of Bank of America, N.A. | 56 |
| 05/13/2019 | Opposition to Emergency Motion for extension of prosecuting the appeal filed by BAC Home Loans Servicing, LP, a subsidiary of Bank of America, N.A. | 57 |
| 05/29/2019 | Endorsement on Motion for Clarification of Court's Order in Motion to Dismiss Appeal; Denied (#52.0): DENIED<br>See #58 | |
| 05/29/2019 | Endorsement on Motion for Extension of Prosecuting the Appeal (#53.0): DENIED<br>See #58 | |
| 05/29/2019 | Endorsement on Motion for clarification and reconsideration of motion for protection of due process (#54.0):<br>DENIED<br>See #58 | |
| 05/29/2019 | Endorsement on Motion for extension of prosecuting the appeal (#55.0): DENIED<br>See #58 | |
| 05/29/2019 | ORDER: Memorandum and Order on Numerous Motions filed by Plaintiff (Paper #'s 52, 53, 54, and 55)<br>Pleading #'s 52, 53, 54, and 55 are all DENIED<br><br>Plaintiff's appeal of the Judgment of Dismissal as memorialized in the plaintiff's Notice of Appeal filed with this Court on 6/11/18 (P#33) is Hereby DISMISSED.<br><br>It is hereby ORDERED that:<br><br>(a) The Essex Superior Court Civil Clerk's Office shall accept any documents the plaintiff seeks to file and date stamp same. However, said documents shall not be entered or docketed.<br><br>(b) Said documents shall be referred to the Judge presiding in the Civil D session for a determination of whether or not said documents seek substantially the same relief, or make substantially the same arguments, as any of the Motions docketed as Papers #'s 32, 37, 41, 43, 47, and 54.<br><br>(c) If the Judge makes such a finding in accordance with paragraph 6(b) above, the documents shall be endorsed by the Judge as follows: "Rejected for filing and docketing pursuant to Order at Paper #58," and the Clerk's Office shall take no further action other than placing said documents in the file (i.e., said documents as endorsed by the Judge shall not be filed, docketed or entered).<br><br>(d) The defendant need not file an opposition to any future motion filed by the plaintiff until such time as the Clerk's Office notifies its counsel that the determination contemplated by paragraph 6(b) above has been made and an opposition is warranted. | 58 |

| Docket Date | Docket Text | File Ref Nbr. |
|---|---|---|
| 06/12/2019 | Self-Represented Plaintiff Heewon Lee's Submission of Notice of Appeal on Relief (Rule 60) | 59 |
| 06/12/2019 | Plaintiff Heewon Lee's Submission of Notice of relief from judgment to vacate default judgment | 59.1 |
| 06/12/2019 | Plaintiff Heewon Lee's Submission of notice of intent to file motion for reconsideration of dismissal of notice of appeal as per SCR9A | 59.2 |
| 06/12/2019 | Self-Represented Plaintiff Heewon Lee's Notice of Appeal on Amended Complaint | 60 |
| 06/20/2019 | Endorsement on Notice of Appeal (#60.0): Other action taken This is REJECTED FOR FILING because Plaintiff's appeal of the Judgment of Dismissal via the Notice of Appeal at #33 was dismissed b the Court for failure to prosecute same. See #58. | |
| 06/25/2019 | Endorsement on Submission of Notice of Appeal on Relief (Rule 60) (#59.0): Other action taken this is REJECTED FOR FILING as untimely. The court denied plaintiff's Rule 60 motion on 3/18/19, see #50 | |
| 06/25/2019 | Endorsement on Submission of Notice of relief from judgment to vacate default judgment (#59.1): Other action taken this is REJECTED FOR FILING as the court addresses plaintiff's Rule 60 motion in its order of 3/18/19, see #50 | |
| 06/25/2019 | Endorsement on Submission of notice of intent to file motion for reconsideration of dismissal of notice of appeal as per SCR9A (#59.2): Other action taken this is REJECTED FOR FILING as no "notice" is necessary or warranted under the Rules. | |
| 06/25/2019 | Plaintiff Heewon Lee's Submission of oppositions filed by defendant to various pleadings of the plaintiff | 61 |
| 06/25/2019 | Endorsement on Submission of oppositions filed by defendant to various pleadings of the plaintiff (#61.0): Other action taken REJECTED FOR FILING as they are duplicative of previously filed (and acted upon) oppositions. | |
| 06/25/2019 | Plaintiff Heewon Lee's Submission of notice of appeal | 62 |
| 06/25/2019 | Endorsement on Submission of notice of appeal (#62.0): Other action taken this is REJECTED FOR FILING because the appeal of the judgment of dismissal via the notice of appeal at #33 was dismissed by the court for failure to prosecute same, see #58 | |
| 06/25/2019 | Notice of appeal filed.<br><br>Applies To: Lee, Heewon (Plaintiff) | 63 |
| 06/25/2019 | Endorsement on Notice of appeal (#63.0): Other action taken this will be accepted for filing and the court will treat it solely as a notice of appeal of the court's order of 5/29/19 at #58 | |
| 06/25/2019 | Plaintiff Heewon Lee's Submission of notice of appeal on dismissed amended complaint | 64 |
| 06/25/2019 | Endorsement on Submission of notice of appeal on dismissed amended complaint (#64.0): Other action taken this is REJECTED FOR FILING as plaintiff's notice of appeal of the judgment of dismissal was dismissed on 5/24/19, see #58 | |
| 06/26/2019 | Copy of Notice of Appeal sent to all parties of record | 65 |
| 07/09/2019 | Certification/Copy of Letter of transcript ordered from Court Reporter 08/08/2018 02:00 PM Motion Hearing for Reconsideration | 66 |
| 07/11/2019 | CD of Transcript of 08/08/2018 02:00 PM Motion Hearing for Reconsideration received from Donna Dominguez. | 67 |
| 07/11/2019 | Appeal: Statement of the Case on Appeal (Cover Sheet). | 68 |
| 07/11/2019 | Notice of assembly of record sent to Counsel | 69 |
| 07/11/2019 | Notice to Clerk of the Appeals Court of Assembly of Record | 70 |
| 07/29/2019 | Appeal entered in Appeals Court on 07/29/2019 docket number 2019-P-1100 | 71 |

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HEEWON LEE, )<br><br>Plaintiff, )<br><br>v. )<br><br>BANK OF AMERICA; BANK OF )<br>AMERICA, N.A.; and HOME )<br>RETENTION SERVICE/SPECIALIZED )<br>LOAN SERVICING, LLC, )<br><br>Defendants. ) | Civil Action No.<br>23-10714-FDS |

## MEMORANDUM AND ORDER ON DEFENDANTS' MOTIONS TO DISMISS AND PLAINTIFF'S MOTION TO AMEND

**SAYLOR, C.J.**

This is a case arising from a dispute over attempts by plaintiff Heewon Lee to modify his home loan. On October 24, 2007, Lee signed a promissory note secured by a mortgage with Bank of America, N.A. ("BANA") for property located at 60 Rantoul Street, Unit 110, Beverly, Massachusetts. Lee made multiple attempts to modify that loan. He has since filed multiple, unsuccessful lawsuits concerning his financial relationship with BANA. This action is his fourth lawsuit in this court, and fifth overall, raising claims arising out of his attempts to modify the loan. He has filed this complaint asserting claims under 42 U.S.C. § 1983 for violations of his constitutional rights against defendants over the entry of an adverse state-court judgment in 2018.

Defendants BANA and Home Retention Service/Specialized Loan Servicing, LLC ("SLS") have separately moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(1) and

12(b)(6).  Shortly after defendants filed their motions, plaintiff moved to amend his complaint for the second time.

For the reasons set forth below, defendants' motions to dismiss will be granted and plaintiff's second motion for leave to amend will be denied.

## I.   <u>Background</u>

The following facts are set forth in the first amended complaint and briefing before the court.[1]

### A.   <u>Parties</u>

Heewon Lee is a resident of Beverly, Massachusetts.  (Am. Compl. at 3).

Bank of America, N.A. is a banking corporation that served as mortgage lender for plaintiff for the relevant property.  (Am. Compl. Ex. 9 at 1-2).[2]  BANA elected to appear on behalf of "Bank of America" and BAC Home Loans Servicing, LP, its predecessor-by-merger, to the extent they are named in this action.  (ECF No. 21 at 1 n.1; Am. Compl. Ex. 5.1 at 1 n.1).

Home Retention Service/Specialized Loan Servicing, LLC is the current servicer of Lee's home loan, following a transfer from BANA effective December 1, 2022.  (ECF No. 21 Ex. A).

---

[1] Many of the relevant facts are not alleged in the complaint.  To give clarity and sufficient background for the purpose of analyzing the motions before it, the court will refer to certain extrinsic documents of undisputed authenticity without converting defendants' motions to dismiss into summary judgment motions.  *See Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993) (extrinsic documents may be considered without converting a motion to dismiss into a motion for summary judgment under "narrow exceptions").  "[N]arrow exceptions" may include "documents the authenticity of which are not disputed by the parties; [ ] official public records; [ ] documents central to the plaintiffs' claim; [and] documents sufficiently referred to in the complaint."  *Id.*  The court relies on documents that are either authentic public records (relevant judicial opinions and dockets), are sufficiently referred to in the complaint, or both (for example, the amended complaint directly quotes the state court's dismissal order).  (*See, e.g.*, Am. Compl. at 9).

[2] Although both BANA and "Bank of America" are named as defendants, only BANA was served with process.  (*See* ECF No. 7).  BAC Home Loans Servicing, LP ("BAC") is omitted from the caption of the amended complaint but listed within the complaint as a party to the action.  (*See* Am. Compl. at 3).  Summonses were returned executed as to BANA and SLS.  (ECF Nos. 6, 7).

### B.   Factual Background

On October 24, 2007, Lee and BANA executed a promissory note for a home loan on a property in Beverly, Massachusetts, in the amount of $185,250.  (Am. Compl. Ex. 21).  As security, Lee executed a mortgage on the property, which was recorded with the Essex South District Registry of Deeds on October 24, 2007.  (ECF No. 21 at 3, Ex. C; Am. Compl. Ex. 21).

In 2009, after defaulting on his loan payments, Lee sought a mortgage modification. (Am. Compl. Exs. 13, 24).  After a series of renewed submissions to supply missing documents, his request was denied.  (*Id.* Ex. 23).

In July 2010, Lee sent a new application for a modification.  (*Id.*).  This time, BANA approved the application and offered to modify the loan, the effect of which would be to increase the principal balance owed by $40,000.  (*Id.* Ex. 13).  Lee did not, however, accept the offer. (*Id.*).

On December 23, 2010, Lee challenged the loan modification process in federal court. *Lee v. Bank of Am., N.A.*, 2013 WL 212615, at *2 (D. Mass. Jan. 18, 2013).  In that case, the amended complaint asserted eight claims against defendants BANA and BAC:  breach of contract; breach of duty of good faith and fair dealing; violations of Mass. Gen. Laws ch. 93A, § 2; violations of the Fair Debt Collection Practices Act; negligence; violations of the Federal Trade Commission Act; intentional and negligent misrepresentation; and intentional infliction of emotional distress.  *Id.* at *4.  All claims were related to plaintiff's attempts to modify his home loan.  *Id.* at *1-2.

The court (O'Toole, J.) granted BANA's motion to dismiss as to six of the eight claims and later granted summary judgment on the remaining two.  *Id.* at *4 (partially granting motion to dismiss); *Lee v. BAC Home Loans Servicing, LP*, 2014 WL 4964411 (D. Mass. Sept. 30, 2014) (granting summary judgment on remaining counts).  The First Circuit affirmed the

3

judgment substantially for the reasons stated in the two decisions.  *Lee v. Bank of Am., N.A.*, 2016 WL 11780332 (1st Cir. Mar. 29, 2016).

In April 2016, Lee again attempted to modify his home loan with BANA.  (Am. Compl. Ex. 10).  BANA responded with a letter stating the amount of debt owed on the loan and requesting that Lee respond within 30 days if he disputed the validity of the debt.  (*Id.*).  Lee then disputed the debt.  (*Id.*).  BANA simultaneously considered the modification application and requested tax information.  (*Id.*).  In June 2016, BANA informed Lee that it was considering his modification request.  (*Id.*).  However, on November 14, 2016, BANA informed him that it was no longer reviewing his application because it had not received certain requested documents. (*Id.* Ex. 11).  On December 22, 2016, BANA filed a notice of foreclosure in Massachusetts Land Court and notified Lee of its intention to foreclose on the property.  (*Id.* Ex. 8).

On February 28, 2017, Lee challenged the loan modification process in Essex Superior Court, again suing BANA and BAC.  (Am. Compl. Ex. 1).[3]  That complaint alleged violations of Mass. Gen. Laws ch. 244, § 35; Mass. Gen. Laws ch. 183C, § 4; and Mass. Gen. Laws ch. 93A. (Am. Compl. Ex. 9 at 1, *Lee v. BAC Home Loans Servicing, LP*, No. 1777CV00271 (Essex Super. Ct. 2018)).  In addition, the complaint asserted violations of federal laws and regulations under 15 U.S.C. § 1609(b), 12 C.F.R. §§ 1024.36, 1024.38, 1024.40, and 1024.41.  (*Id.*).  The court dismissed the state-law claims for failure to state a claim.  (*Id.* at 4-5).  The court dismissed the federal claims on the basis of *res judicata*, relying on Judge O'Toole's earlier orders of dismissal and summary judgment.  (*Id.* at 5-7).  The court accordingly entered judgment for BANA.  (Am. Compl. Ex. 1)*.*  Lee filed various post-judgment motions seeking to vacate the

---

[3] Although the state-court docket reflects BAC as the sole defendant, (Am. Compl. Ex. 1), BANA elected to appear as a defendant in the litigation both in its own capacity and as successor to BAC.  (Am. Compl. Ex. 9).

judgment, to force recusal of the judge, and for clarification and reconsideration.  (*Id.*).  All were denied.  (*Id.*).

On June 11, 2018, Lee filed a notice of appeal.  *Lee v. Bank of Am., N.A.*, 98 Mass. App. Ct. 1115, at *1 (2020).  The appeal was dismissed on May 29, 2019.  *Id.*  On June 25, 2019, Lee appealed the dismissal.  *Id.*  On October 23, 2020, the Appeals Court affirmed the May 29, 2019 order because Lee had failed to furnish a basis on which to disturb the judgment.  *Id.*  The court noted that to the extent Lee also sought appeal of a June 11, 2018 order denying one of his motions for relief from judgment, it could not review it because it would be untimely.  *Id.* n.3. On May 13, 2021, the Supreme Judicial Court denied further appellate review.  *Lee v. Bank of Am. Home Loans Servicing*, 487 Mass. 1106 (2021).

On March 4, 2020, Lee again turned to federal court to challenge the loan-modification process.  *Lee v. Bank of Am.*, No. 20-cv-10434 (D. Mass. 2020).  That complaint raised RICO and promissory estoppel claims against BANA and several of its employees.  *Lee v. BAC Home Loans Servicing, LP*, 2021 WL 847990, at *1 (D. Mass. Mar. 5, 2021).  The court (Casper, J.) granted BANA's motion to dismiss, primarily on the ground that Judge O'Toole's dismissal and summary judgment orders barred plaintiff's claims under the doctrine of *res judicata*.  *Id.* at *1-2.  In the alternative, the court ruled that even if the claims were not barred, they nevertheless failed to plausibly state a claim.  *Id.* at *3.  On June 14, 2022, the First Circuit affirmed the dismissal order.  *Lee v. Bank of Am., N.A.*, 2022 WL 2398890 (1st Cir. June 14, 2022).  On June 5, 2023, the Supreme Court denied a petition for a writ of certiorari.  *Lee v. Bank of Am., N.A.*, 143 S. Ct. 2582 (2023).

On August 23, 2022, Lee filed a third lawsuit against BANA in this court concerning his loan modification.  *Lee v. Bank of Am., N.A.*, No. 22-cv-11354 (D. Mass. 2022).  On February 9,

2023, the court (Saris, J.) dismissed the complaint *sua sponte* for failure to file a return of service.

### C.    <u>Procedural Background</u>

This action—again, the fourth in this court, and the fifth overall—was filed on April 5, 2023.  The complaint alleges that plaintiff's due process rights were violated because of the handling of the state-court case.

On May 8, 2023, defendants BANA and SLS each filed motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim and as barred by the *Rooker-Feldman* doctrine.

On May 12, 2023, plaintiff moved to amend the complaint.  Because he could have amended his complaint as of right under Fed. R. Civ. P. 15(a)(1)(B), the court denied his motion without prejudice as unnecessary.  The court ruled that if plaintiff filed an amended complaint as of right within 14 days (that was, by June 2, 2023), defendants' motions to dismiss (ECF Nos. 8, 12) would be terminated as moot without prejudice to their renewal.  However, if plaintiff failed to file an amended complaint within that period, the court ordered that the original complaint and those motions would remain pending.

On June 5, 2023, plaintiff filed an amended complaint, again alleging a mishandling of his state-court case because of misrepresentations by counsel, intentional and negligent errors and omissions by the state-court judges, and procedural errors by the clerks in violation of 42 U.S.C. § 1983.  On June 16, 2023, defendants BANA and SLS again filed motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim and as barred by the *Rooker-Feldman* doctrine.  Plaintiff filed his first amended complaint three days after the court-ordered deadline.  However, in light of plaintiff's *pro se* status, and the fact that the proposed amended complaint is more complete, it appears that on balance leave should be "freely give[n]" in this

instance.  Fed. R. Civ. P. 15(a)(2).  Thus, the court will excuse the delay and consider the first amended complaint to resolve defendants' motions in response.

Plaintiff did not formally oppose either motion.  He has instead moved for leave to file a second amended complaint.  Both defendants have opposed that motion.

## II.  <u>Legal Standards</u>

Where a motion to dismiss is filed against a *pro se* litigant, any document filed by the *pro se* party is "to be liberally construed," and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").  However, while *pro se* complaints "are accorded 'an extra degree of solicitude' . . . even a pro se plaintiff is required 'to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'"  *Wright v. Town of Southbridge*, 2009 WL 415506, at *2 (D. Mass. Jan. 15, 2009) (quoting *Adams v. Stephenson*, 1997 WL 351633, at *1 (1st Cir. 1997) (per curiam)).

### A.  <u>Rule 12(b)(1) Motion to Dismiss</u>

The party invoking the jurisdiction of a federal court "carries the burden of proving its existence."  *Johansen v. United States*, 506 F.3d 65, 68 (1st Cir. 2007) (quoting *Murphy v. United States*, 45 F.3d 520, 522 (1st Cir. 1995).  If a party seeking to invoke federal jurisdiction "fails to demonstrate a basis for jurisdiction," the motion to dismiss must be granted.  *Id.*  In ruling on such a motion, the court must construe the complaint liberally, treating all well-pleaded facts as true and indulging all reasonable inferences in the plaintiff's favor.  *Aversa v. United States*, 99 F.3d 1200, 1209-10 (1st Cir. 1996).

B.     <u>Rule 12(b)(6) Motion to Dismiss</u>

On a motion to dismiss, the court "must assume the truth of all well-plead[ed] facts and give . . . plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999). To survive a motion to dismiss, the complaint must state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556). Dismissal is appropriate if the complaint fails to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir. 2008) (quoting *Centro Medico del Turabo, Inc. v. Feliciano de Melecio*, 406 F.3d 1, 6 (1st Cir. 2005)).

The doctrine of claim preclusion prohibits parties from contesting issues that they have had a "full and fair opportunity to litigate." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). Claim preclusion "bars parties from relitigating claims that could have been made in an earlier suit, not just claims that were actually made." *Airframe Sys., Inc. v. Raytheon Co.*, 601 F.3d 9, 14 (1st Cir. 2010). "[W]hen a federal court considers the preclusive effect of an earlier state court judgment, it must apply that state's preclusion principles." *Goldstein v. Galvin*, 719 F.3d 16, 22 (1st Cir. 2013); *see also Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). To establish claim preclusion under Massachusetts law, a party must show that three elements have been satisfied: "(1) the identity or privity of the parties to the present and prior actions, (2)

identity of the cause of action, and (3) prior final judgment on the merits." *Daluz v. Department of Correction*, 434 Mass. 40, 45 (Mass. 2001).

### C.   <u>Leave to File Amended Complaint</u>

Rule 15(a) "reflects a liberal amendment policy . . . and provides that a court 'should freely give leave when justice so requires.'" *United States ex rel. Gagne v. City of Worcester*, 565 F.3d 40, 48 (1st Cir. 2009). When "justice so requires" does not command a district court to "mindlessly grant every request for leave to amend." *See Nikitine v. Wilmington Tr. Co.*, 715 F.3d 388 (1st Cir. 2013) (citing *Aponte-Torres v. University of P.R.*, 445 F.3d 50, 58 (1st Cir. 2006)). In determining whether to grant a motion to amend, the court must examine the totality of the circumstances and "exercise its informed discretion in constructing a balance of pertinent considerations." *Palmer v. Champion Mortg.*, 465 F.3d 24, 30-31 (1st Cir. 2006).

Leave to amend can be denied because of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996). In reviewing for futility, the district court applies the same standard of legal sufficiency as applies to a Rule 12(b)(6) motion." *Id.*

## III.   <u>Analysis</u>

### A.   <u>*Rooker-Feldman*</u>

Defendants have both moved to dismiss the complaint as barred by the *Rooker-Feldman* doctrine.

The *Rooker-Feldman* doctrine bars federal courts from adjudicating complaints seeking to challenge final state-court judgments. *See Rooker v. Fidelity Trust Co.*, 263 U.S.

413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).  "Under the *Rooker-Feldman* doctrine, 'lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments.'"  *Tyler v. Supreme Judicial Court of Massachusetts*, 914 F.3d 47, 50 (1st Cir. 2019) (quoting *Lance v. Dennis*, 546 U.S. 459, 463 (2006)).  The only federal court with authority to review the rulings of state courts is the United States Supreme Court.  *Silva v. Massachusetts*, 351 Fed. Appx. 450, 454 (1st Cir. 2009) ("28 U.S.C. § 1257 vests the United States Supreme Court with exclusive 'jurisdiction over appeals from final state-court judgments.'") (quoting *Lance v. Dennis*, 546 U.S. at 463); *see also Davison v. Government of P.R.-P.R. Firefighters Corps.*, 471 F.3d 220, 223 (1st Cir. 2006) ("[T]he proper forum for challenging an unlawful state court ruling is the United States Supreme Court, on appeal of the highest state court's final judgment.").

Here, the complaint explicitly "pleads this court for re-litigation of Defendant's violation of the state and federal laws in the state court regarding the default judgment, the HAMP modification, and the opportunity for appeal under the due process protection in the 14th Amendment."  (Am. Compl. at 19).  That "re-litigation" is precisely what is barred by the doctrine.  "*Rooker-Feldman* bars a losing party in state court 'from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'"  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 287 (2005) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-1006 (1994))  *See Tyler*, 914 F.3d at 50; *Davidson v. Government of P.R.-P.R. Firefighters Corps.*, 471 F.3d 220, 223 (1st Cir. 2006) ("*Rooker-Feldman* squarely applies when a plaintiff insists that [a federal court] must review and reject a final state court judgment," even when the plaintiff has not "actually argued the

merits of [his] claim[ ] in state court.").

     Although the complaint purports to assert constitutional violations by both defendants and the state court, the *Rooker-Feldman* doctrine nevertheless applies because the central injury pleaded by plaintiff is the adverse state-court judgment. *See Davidson*, 471 F.3d at 223 (applying *Rooker-Feldman* where "the only real injury to Plaintiffs is ultimately still caused by a state court judgment"). Plaintiff cannot "evade the reach of the *Rooker-Feldman* doctrine by artful pleading" when it is "luminously clear that the plaintiff's current grievances implicate" the state-court judgment. *Klimowicz v. Deutsche Bank Nat'l Tr. Co.*, 907 F.3d 61, 65 (1st Cir. 2018) (applying *Rooker-Feldman* although the complaint did not expressly mention the state-court judgment).

     For those reasons, the motions to dismiss will be granted.

**B.**    <u>**Claim Preclusion**</u>

     Even if the court possessed subject-matter jurisdiction, it must still dismiss the complaint because the claims are barred under principles of claim preclusion. To consider the preclusive effect of the Massachusetts state-court judgment, the court must apply Massachusetts law. *Goldstein*, 719 F.3d at 22. Establishing claim preclusion under Massachusetts law requires proof of three elements: "(1) the identity or privity of the parties to the present and prior actions, (2) identity of the cause of action, and (3) prior final judgment on the merits." *Daluz*, 434 Mass. at 45.[4] All three elements are clearly satisfied here.

     First, the parties are in privity for purposes of the Massachusetts preclusion principles.

---

[4] The analysis would be substantially similar if the matter involved a federal final judgment because jurisdiction is based on diversity. *Hatch v. Trail King Industries, Inc.*, 699 F.3d 38, 44 (1st Cir. 2012) ("We apply 'the law that would be applied by state courts in the State in which the federal diversity court sits' to successive diversity actions, unless 'the state law is incompatible with federal interests.'" (quoting *Semtek Int'l, Inc.*, 531 U.S. 497, 508-09 (2001))); *see Rivera-Rosario v. LSREF2 Island Holdings, Ltd., Inc.*, 79 F.4th 1, 4 (1st Cir. 2023). Massachusetts preclusion law is not incompatible with federal interests here.

The state-court complaint named BAC and BANA.  BANA appeared in its own capacity and on behalf of BAC, its predecessor-by-merger.  (Am. Compl. Ex. 9 at 1, *Lee v. BAC Home Loans Servicing, LP*, No. 1777CV00271 (Essex Super. Ct. 2018)).  Thus, as to defendant BANA there is identity of parties.

Although defendant SLS did not appear in the state-court action, it is in privity with BANA, which represented both the mortgagee and loan servicer interests in the state-court action.  That is sufficient.  *See Ross v. Deutsche Bank Nat'l Tr. Co.*, 2021 WL 517204, at *1 n.1 (D. Mass. Feb. 11, 2021); *Santos v. U.S. Bank Nat. Ass'n*, 89 Mass. App. Ct. 687, 693 (2016); *Federal Nat'l Mortg. Ass'n v. Valdez*, 93 Mass. App. Ct. 1119, at *1 (2018); *U.S. Bank Nat'l Ass'n v. Mistovich*, 97 Mass. App. Ct. 1122, at *2 (2020); s*ee also R.G. Fin. Corp. v. Vergara-Nunez*, 446 F.3d 178, 187 (1st Cir. 2006) ("Typically, a mortgage servicer acts as the agent of the mortgagee to effect collection of payments on the mortgage loan.  Thus, it will be a rare case in which those two parties are not perfectly identical with respect to successive suits arising out of a single mortgage transaction."); *but see Cavic v. America's Servicing Co.*, 806 F. Supp. 2d 288, 292 (D. Mass. 2011).

Second, the causes of action are identical in that they "arise out of a common nucleus of operative facts," or could have been brought in an earlier proceeding.  *Massachusetts Sch. of L. at Andover, Inc. v. American Bar Ass'n*, 142 F.3d 26, 38 (1st Cir. 1998).  The present complaint expressly seeks "re-litigation" of the state-court claims by raising constitutional challenges to the state-court judgment against plaintiff.  (*See, e.g.*, Am. Compl. at 19) ("Plaintiff pleads this court for re-litigation of Defendant's violation of the state and federal laws in the state court . . ."). Claim preclusion not only bars claims that actually were brought in a prior proceeding, but also those that could have been brought.  *Heacock v. Heacock*, 402 Mass. 21, 23 (1988) (claim

preclusion applies "even though the claimant is prepared in a second action to present different evidence or legal theories to support his claim."). The allegations in the state-court case, prior federal cases, and the instant suit concern the same dispute: plaintiff's home loan modification efforts. Each suit, though framed using different legal theories, arises from the same common nucleus of facts.[5]

Finally, "under Massachusetts law, as elsewhere, dismissal for failure to state a claim . . . operates as a dismissal on the merits with res judicata effect." *Isaac v. Schwartz*, 706 F.2d 15, 17 (1st Cir. 1983). Because plaintiff previously and unsuccessfully litigated the same issues in his prior federal and state-court actions, he is precluded from raising the claims in this action.

### C.  Failure to State a Claim

Finally, even if the court possessed subject-matter jurisdiction, and claim preclusion did not apply, the complaint is still defective because defendants are not subject to suit under 42 U.S.C. § 1983. Section 1983 establishes liability for any person acting under the color of state law who deprives any United States citizen of "any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983; *see Johnson v. Mahoney*, 424 F.3d 83, 89 (1st Cir. 2005). Private parties are not normally subject to suit under § 1983. *González-Maldonado v. MMM Healthcare, Inc.*, 693 F.3d 244, 247-48 (1st Cir. 2012); *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). Because BANA and SLS are private parties that were not

---

[5] The state-court judgment dismissed the state claims on the merits and the federal claims on *res judicata* grounds. (Am. Compl. Ex. 9 at 1, *Lee v. BAC Home Loans Servicing, LP*, No. 1777CV00271 (Essex Super. Ct. 2018)). *See Isaac v. Schwartz*, 706 F.2d 15, 17 (1st Cir. 1983) ("under Massachusetts law, as elsewhere, dismissal for failure to state a claim . . . operates as a dismissal on the merits with res judicata effect"); *Andrews-Clarke v. Lucent Technologies, Inc.*, 157 F. Supp. 2d 93, 99-100 (D. Mass. 2001) (collecting cases). To the extent a dismissal on *res judicata* grounds cannot constitute a final judgment on the merits, the original federal judgment against Lee and in favor of BANA is a final judgment for purposes of claim preclusion. *See Lee v. BAC Home Loans Servicing, LP*, 2013 WL 212615 (dismissing claims); *Lee v. BAC Home Loans Servicing, LP*, 2014 WL 4964411 (granting summary judgment on remaining claims); *see also Lee v. BAC Home Loans Servicing, LP*, 2021 WL 847990 at *1.

acting under color of state law, they are excluded from the reach of § 1983. *American Mfrs. Mut. Ins.*, 526 U.S. at 50 ("[T]he under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful'" (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982))). Therefore, the complaint fails to state a claim that is plausible on its face.

### D.   Motion for Leave to File Second Amended Complaint

Plaintiff has moved for leave to file a second amended complaint. Under Fed. R. Civ. P. 15(a), a party may amend a pleading without leave of the court only under relatively narrow circumstances.[6] In all other cases, a party may amend its pleadings only with the opposing party's written consent or the court's leave. *See* Fed. R. Civ. P. 15(a)(2). (*See* ECF Nos. 25, 26).

The motion for leave to amend will be denied because the proposed amendment would be futile. In reviewing for futility, district courts apply the same standard of legal sufficiency as applies to a Rule 12(b)(6) motion. *Glassman*, 90 F.3d at 623. The second amended complaint suffers from the same infirmities as the first—it seeks "re-litigation" of claims that were fully and finally adjudicated in state court. (*See* ECF No. 24 Ex. 1 at 4 ("This federal case (1:23-CV-10714) complaint is about 'Re-litigation of the state case (1777-CV-00271) for constitutional violation of due process rights by the state-court actions from 2017 to 2019.")). The proposed complaint is barred by the *Rooker-Feldman* doctrine such that any amendment would be futile. *See, e.g.*, *Bauersachs v. Massing*, 2019 WL 1961077, at *3 (D. Mass. May 1, 2019) (denying a motion for leave to amend as futile because barred by *Rooker-Feldman*); *Smith v. Krupp*, 646 F. Supp. 3d 193, 201 (D. Mass. 2022) (same); *see also Jackson v. Salon*, 614 F.2d 15, 17 (1st Cir.

---

[6] A party may amend a pleading once as a matter of course within "21 days after serving it," or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1).

1980).  The court would not have jurisdiction over the second amended complaint and would be required to dismiss it.[7]  Accordingly, the motion for leave to file a second amended complaint will be denied on the ground of futility.

## IV.    **Conclusion**

For the foregoing reasons, defendants' motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim and as barred by the *Rooker-Feldman* doctrine are GRANTED and plaintiff's motion for leave to amend is DENIED.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV

Dated:  January 9, 2024                Chief Judge, United States District Court

---

[7] The court would also be required to dismiss the proposed amended complaint under Rule 12(b)(6) for failure to state a claim, as it makes substantially similar allegations for the 42 U.S.C. § 1983 claim.